IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD J. KOELLER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:25-cv-00641 ) |
| OX APPSEC SECURITY INC., | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S AMENDED MOTION TO STAY DISCOVERY PENDING THE COURT'S DECISION ON DEFENDANT'S MOTION TO DISMISS**

Defendant, Ox AppSec Security ("Ox"), pursuant to Federal Rule of Civil Procedure ("Rule") 26(c), respectfully submits this memorandum in support of its motion to stay discovery in this case pending the Court's ruling on Defendant's motion to dismiss Plaintiff's Complaint, which if granted will dispose of the case. A brief stay of discovery will not cause harm to Plaintiff, will avoid burdening Ox with engaging in discovery while its motion to dismiss is pending (discovery that Ox submits will not ultimately be necessary as a result of its motion), and will also conserve judicial resources.

## BACKGROUND

On May 6, 2025, Plaintiff filed a Class Action Complaint (ECF No. 1) alleging that Ox AppSec Security, Ltd. violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. On August 14, 2025 the Court granted Plaintiff's Motion to Substitute Ox AppSec Security, Inc. as Defendant (ECF No. 15). On November 13, 2025, Ox filed a motion to dismiss the Complaint ("Dis. Mot.") pursuant to Rule 12(b)(6). *See* ECF No. 24. As detailed in that motion,

the plain language of the TCPA does not authorize Plaintiff's claim, because the TCPA's do-not-call restrictions only apply to "residential subscribers" and this does not include cellular telephones. The Supreme Court's recent decisions in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) and *McLaughlin Chiropractic Assoc., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025) make clear that the FCC's erroneous interpretation of the TCPA's do-not-call restrictions to include cellular telephone subscribers within the definition of "residential subscribers" is not entitled to deference.   If the Court grants Ox's motion, the case will be dismissed in its entirety.

## **LEGAL STANDARD**

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Human v. SelectQuote, Inc.*, Case No. 4:23-cv-00826-SEP, 2024 WL 149232, at *2 (E.D. Mo. Jan. 12, 2024) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  Rule 26(c) "provides that a district court may stay discovery upon a showing of good cause." Fed. R. Civ. P. 26(c); *Dufrene v. ConAgra Foods, Inc.*, No. 15-cv-3796 (WMW/LIB), 2016 WL 10651947, at *2 (D. Minn. Apr. 7, 2016) (citing *TE Connectivity Networks, Inc. v. All Systems Broadband, Inc.*, No. 13-cv-1356 (ADM/FLN), 2013 WL 4487505, at *1 (D. Minn. Aug. 20, 2013)).  "The decision whether to stay discovery due to the pendency of a motion to dismiss 'is generally practical and . . . left largely to the court's discretion.'" *Dufrene*, 2016 WL 10651947, at *2. "Indeed, motions to dismiss should, ideally, 'be resolved before discovery begins.'" *Rivas v. The Bank of New York Mellon*, 676 Fed. Appx. 926, 932 (11th Cir. 2017) (quoting *Chudasama v. Maza Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).

"In resolving whether to stay discovery pending disposition of a motion to dismiss, a court considers various factors 'including: (1) whether the movant has shown a likelihood of success on

the merits of the dispositive motion; (2) hardship or inequity to the moving party if the matter is not stayed; (3) prejudice to the non-moving party [if the matter is stayed]; and (4) the conservation of judicial resources.'" *Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*, Case no. 4:18cv01959 PLC, 2019 WL 4644021, at *3 (E.D. Mo. Sept. 24, 2019) (quoting *Dufrene*, 2016 WL 10651947, at *2)). The court may also consider "the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the motion [to dismiss] will dispose of the case; [and] the public interest." *Id.* (quoting *United States ex rel Donegan v. Anesthesia Assocs. of Kansas City, PC*, No. 4:12-CV-0876-DGK, 2014 WL 12618074, at *1 (W.D. Mo. Jan. 7, 2014)).

## ARGUMENT

All of the factors outlined above weigh in favor of staying discovery in this action while Ox's motion to dismiss is pending. Accordingly, Ox respectfully submits that the Court should exercise its discretion to stay discovery pending the resolution of its motion.

### I. THERE IS A HIGH LIKELIHOOD THAT OX APPSEC'S MOTION WILL SUCCEED ON THE MERITS

It is "a settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Blair v. Douglas Cnty.*, No. 8:11CV349, 2013 WL 2443819, at *1 (D. Neb. June 4, 2013) (quoting *Farouki v. Petra Int'l Banking, Corp.*, 683 F. Supp.2d 23, 26 (D.D.C. 2010) (citations and quotations omitted)). Stays of discovery are not uncommon where, as here, a motion to dismiss would result in a total resolution of the case. *See, e.g., Mendoza v. ICE*, No. 8:13CV65, 2013 WL 4716354, at *3 (D. Neb. Sept. 3, 2013); *White v. Smith*, No. 4:09CV3145, 2009 WL 2710096 (D. Neb. Aug. 25, 2009); *Riehm v. Engelking*, Civil No. 06-293 (JRT/RLE), 2006 WL 2085404 (D. Minn. Jul. 25, 2006). This prevents the inefficient use of the parties' and the Court's resources. In fact, the

very purpose of a motion to dismiss is to facilitate efficient litigation "by dispensing with needless discovery." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); *see also Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well pleaded complaint.  It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

To demonstrate a likelihood of success on the merits in support of a requested stay, a party is not required to demonstrate a greater than fifty-percent probability that a dispositive motion will be decided in its favor.  *See, e.g., Knutson v. AG Processing, Inc.*, 302 F. Supp.2d 1023, 1034 (N.D. Iowa 2004) (citing *Dataphase Sys. Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)). Rather, the party need only show more than the mere possibility that the motion will result in a decision in its favor.  *Dufrene*, 2016 WL 10651947, at *3 (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).  Here, there is far more than a "mere possibility" that the motion to dismiss the complaint will be decided in favor of Ox AppSec.

As set forth in Ox's Motion to Dismiss, the plain language of the TCPA simply does not authorize Plaintiff's claims.  *See* ECF 24. The TCPA's do-not-call restrictions apply only to calls to "residential subscribers," which does not include cellular phones.  While courts had previously accepted the FCC's rule-making that purported to restrict calls to registered cellular numbers under the "presumption" that they were "residential," the Supreme Court's decisions in *Loper Bright* and *McKesson* no longer permit such deference.

## II.   OX WILL FACE UNDUE HARDSHIP IF DISCOVERY IS NOT STAYED

It is also beyond dispute that Ox will suffer undue hardship if discovery is not stayed pending the Court's decisions on the instant motion to dismiss.  Allowing the parties "to engage in discovery before the Court rules on the pending motion to dismiss seems very likely to require unnecessary expense of time and effort on the part of the Court and the parties."  *Human*,

2024 WL 149232, at *3.  "Generally, courts disfavor the proliferation of litigation costs associated with potentially unnecessary litigation."  *Dufrene*, 2016 WL 10651947, at *4 (citing *Coach, Inc. v. Kmart Corps.*, 756 F. Supp.2d 421, 429 (S.D.N.Y. 2010) (party would be prejudiced by incurring increased time and expense associated with discovery for potentially unnecessary litigation).  Here, there would be no harm caused by a brief stay of discovery, and, as shown in Ox's pending motion, there is a high probability the motion will succeed and eliminate the need for such discovery.  Furthermore, the burden and expense of engaging in wide-ranging fact discovery prior to the disposition of a motion to dismiss outweigh any theoretical harm to plaintiff in delaying discovery.

The burden of proceeding headlong into discovery here is particularly undue, because Plaintiff will likely be seeking wide-ranging class-wide discovery. The burden of such discovery is patent, and Plaintiff almost certainly will not be able to certify a class here.  In addition to the lack of merit to Plaintiff's individual claim reference above, Plaintiff also has a long and entirely unsuccessful record of trying to achieve class certification.  Plaintiff has filed at least eleven putative TCPA class actions in federal court, and has never had one certified (other than a settlement class).[1]  Further, even if Plaintiff's definition of "residential subscribers" as meaning simply "non-commercial users" is accepted, the individualized inquiry that would be necessary to

---

[1]   *See Koeller v. TextMarks, Inc.*, 3:11-cv-02045-JM-JMA (N.D. Cal. 2011); *Koeller v. Risk Based Security, Inc.,* No. 4:21-cv-00540-HEA (E.D. Mo. 2021); *Koeller v. Vulcan Cyber,* Inc., No. 4:23-cv-00101-SRW (E.D. Mo. 2023); *Koeller v. CybelAngel USA Inc.,* No. 4:23-cv-00319-SEP (E.D. Mo. 2023); *Koeller v. Picnic Corp.,* No. 4:23-cv-00916-SPM (E.D. Mo. 2023); *Koeller v. Airgap Networks, Inc.,* No. 4:23-cv-01257-HEA (E.D. Mo. 2023); *Koeller v. Delinea, Inc.,* No. 4:24-cv-00394-HEA, (E.D. Mo. 2024); *Koeller v. Seemplicity Security Inc.,* No. 4:24-cv-00528-SRC (E.D. Mo. 2024); *Koeller v. Corelight Security, Inc.,* No. 4:24-cv-01222-ACL (E.D. Mo. 2024); *Koeller v. Zilla Security, Inc.,* No. 1:24-cv-11228-FDS (D. Mass. 2024); *Koeller v. Ox AppSec Appsec Security Ltd.,* No. 4:25-cv-00641-MTS (E.D. Mo. 2025). Mr. Koeller was also the putative class-representative in a purported class action involving a data breach allegedly committed by a firearm parts retailer. *Koeller v. Numrich Gun Parts Corp.,* No 1:22-cv-00675-DNH-CFH (N.D.N.Y. 2022).

determine which calls at issue were made to "non-commercial users" would overwhelm any common issues here.[2]

It is evident that without a stay of discovery, Ox would be burdened with litigation costs regarding issues that will vanish if its motion is granted. The Court should, therefore, find that this factor also weighs in Ox's favor.

### III. A STAY OF DISCOVERY WILL CAUSE NO HARM TO PLAINTIFF

There is no amount of discovery that is necessary for Plaintiff to attempt to oppose the pending motion. In contrast, Ox will be greatly prejudiced if it is forced to proceed with classwide discovery regarding plaintiff's claims that are subject to dismissal as a matter of law. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim and therefore may be decided on its face without extensive factual development. *See Neitzke*, 490 U.S. at 326-27 (the purpose of Rule 12(b)(6) is to "streamline . . . litigation by dispensing with needless discovery and factfinding"); *Chudasama*, 123 F.3d at 1367 ("A motion to dismiss based on failure to state a claim for relief should . . . be resolved before discovery begins."); *Rutman Wine Co. v. E&J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (the idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defies common sense [because t]he purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery").

"In addition, the Court has the ability to extend the period for discovery to account for any time lost due to a stay." *Dufrene*, 2016 WL 10651947, at *4. Therefore, the Court should find that this factor does not weigh against granting the requested limited stay here.

---

[2] Although individualized inquiry would be needed to determine whether calls were for business or consumer purposes even under Plaintiff's definition, there also would likely be next to no one in such a class here, as Ox does not sell products or services to consumers. It markets only to businesses and it does not ever intend to make calls to consumers.

## IV.  A STAY OF DISCOVERY WILL CONSERVE JUDICIAL RESOURCES

A district court has the "inherent power" to stay litigation "to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." *Landis*, 299 U.S. at 254; *see also Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983). In exercising this authority, the Federal Rules provide that discovery should be administered "to secure [a] just, speedy, ***and inexpensive*** determination." Fed. R. Civ. P. 1 (emphasis added).

"In determining whether a stay of discovery until the resolution of a pending dispositive motion would conserve judicial resources, a court examines the breadth of any pending discovery and whether the pending dispositive motion has the potential to resolve the litigation." *Dufrene*, 2016 WL 10651947, at *4. In *Dufrene*, the court found that the defendant's pending motion to dismiss would resolve the entire case, and "none of the discovery that is currently pending pertains to an issue that would not be resolved if [d]efendant's motion to dismiss is granted." *Id.* Therefore, the court concluded, "the pending motion to dismiss . . . has the potential to resolve all of the issues to which the currently pending discovery is relevant[, and] this factor weighs in favor of granting the requested stay." *Id.* Similarly, this Court recently granted a motion to stay discovery "due to the potential for success of the pending motion to dismiss, the fact all the claims will be resolved if the motion to dismiss is granted . . . this factor weighs in favor of granting a motion to stay." *Physicians Home Health Infusion, P.C.*, 2019 WL 4644021, at *6.

If granted, the pending motions will eliminate the need for discovery altogether. Indeed, engaging in discovery would result only in a waste of judicial and private resources, causing Ox AppSec to incur additional and unnecessary fees and costs.

## CONCLUSION

For the reasons set forth above, the Court should grant Defendant's motion to stay discovery pending the resolution of its Motion to Dismiss.

DATED: November 13, 2025

        BRYAN CAVE LEIGHTON PAISNER LLP

        By: */s/ Darci Madden*
        Darci Madden
        One Metropolitan Square
        211 North Broadway, Suite 3600
        St. Louis, MO 63102
        (314) 259-2000
        darci.madden@bclplaw.com

        Martha Kohlstrand
        90 S. Cascade Avenue, Suite 1300
        Colorado Springs, CO 80903
        (303) 417-8516
        martha.kohlstrand@bclplaw.com

        Attorneys for Defendant
        *OX APPSEC SECURITY INC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed on this 13th day of November, 2025 via the court's electronic filing system which will serve notice to all counsel of record.

        /s/ Darci F. Madden