# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **EDWARD J. KOELLER**, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>**OX APPSEC SECURITY INC.**,<br><br>　　　　　　　　Defendant. | Case No. 4:25-cv-00641-MTS<br><br>Honorable District Judge<br>Matthew T. Schelp |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO OX APPSEC SECURITY INC.'S AMENDED MOTION TO STAY DISCOVERY

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................................ 1

II. Background ........................................................................................................................ 1

III. Legal Standard ................................................................................................................... 2

IV. Argument ........................................................................................................................... 2

    A. Defendant has failed to establish a "likelihood of success on the merits." ...................... 3

    B. Defendant has failed to establish "hardship or inequity." ................................................ 5

    C. The requested stay may prejudice Plaintiff. ..................................................................... 5

    D. The requested stay would unnecessarily protract the litigation process. ......................... 6

V. Conclusion .......................................................................................................................... 6

## I.    INTRODUCTION

Plaintiff Edward J. Koeller ("Plaintiff") sued Defendant OX Appsec Security Inc. ("Defendant" or "OX Appsec Security") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant now moves to stay discovery, but the motion should be denied for four reasons. **First**, Defendant has failed to establish a "likelihood of success on the merits." **Second**, Defendant has failed to establish "hardship or inequity." **Third**, the requested stay may prejudice Plaintiff. **Fourth**, the requested stay would unnecessarily protract the litigation process.

## II.   BACKGROUND

Plaintiff registered his residential cellphone number on the National Do-Not-Call Registry in 2007, and also on the Missouri No-Call List in 2013. *See* Compl. ¶¶16–17. His telephone number "is a non-commercial telephone number not associated with any business" and "is a cellular telephone number used for personal residential purposes." *Id*. ¶¶14–15. Furthermore, Plaintiff has "never been a customer of OX Appsec Security and never consented to receive calls from OX Appsec Security." *Id*. ¶18.

Nonetheless, Plaintiff received at least two (2) nonconsensual telephone solicitations from Defendant in March 2025, during which Defendant attempted to sell its cybersecurity products. *Id*. ¶¶19–27. During both calls, the caller identified themselves as "OX Security." *Id*. On the first call, Plaintiff explained that he was not interested and that Ox Security had called his "personal number[.]" *Id*. ¶24. Then, Plaintiff received an email from Defendant stating that "hopefully we did not get off on the wrong foot by me calling you on your personal cell. Hopefully this would be a better way of reaching you." *Id*. ¶25. Thereafter, Plaintiff received a second telephone call—and Defendant again solicited Plaintiff to purchase cybersecurity products. *Id*. ¶26.

1

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), district courts may stay discovery. *Adam v. CHW Grp., Inc.*, No. 21-cv-0019, 2021 U.S. Dist. LEXIS 254607, at *3 (N.D. Iowa June 29, 2021) (citing *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008)). However, "a stay of a civil matter is an 'extraordinary remedy.'" *G-Met, LLC v. St. Paul Mercury Ins. Co.*, No. 17-00070-CV, 2017 U.S. Dist. LEXIS 184844, at *4 (W.D. Mo. Nov. 8, 2017) (quoting *Infodeli, LLC v. W. Robidoux, Inc.*, 15-CV-00364, 2016 U.S. Dist. LEXIS 173175, at *6 (W.D. Mo. Feb. 22, 2016)). Thus, "[t]he party seeking a discovery stay bears the burden to establish good cause for the requested stay." *Id*.

### IV. ARGUMENT

"In determining whether to stay discovery pending disposition of a motion to dismiss, courts consider the following four factors: (1) whether the movant has shown a likelihood of success on the merits of the dispositive motion; (2) hardship or inequity to the moving party if the matter is not stayed; (3) prejudice to the non-moving party if the matter is stayed; and (4) the conservation of judicial resources." *Centene Pharmacy Servs. v. Caremark PCS Health, L.L.C.*, No. 4:24-cv-00804, 2025 U.S. Dist. LEXIS 1853, at *3–4 (E.D. Mo. Jan. 6, 2025) (cleaned up) (citing *Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*, No. 4:18cv01959, 2019 U.S. Dist. LEXIS 162660, at *7 (E.D. Mo. Sep. 24, 2019)).

As explained *infra*, these factors establish that the Court should deny the motion—and Defendant has failed to satisfy its burden to establish good cause. *G-Met*, 2017 U.S. Dist. LEXIS 184844, at *4 (W.D. Mo. 2017) (quoting *Infodeli*, 2016 U.S. Dist. LEXIS 173175, at *6 (W.D. Mo. 2016). Indeed, courts are clear that "black letter law [is] that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." *Cole v. Tyco Integrated Sec., LLC*, No. 18-06117-CV, 2019 U.S. Dist. LEXIS 244254, at *3 (W.D. Mo.

Oct. 11, 2019) (quoting *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc*., No. 13-1356, 2013 U.S. Dist. LEXIS 117719, at *5 (D. Minn. Aug. 20, 2013)).

      A.      **Defendant has failed to establish a "likelihood of success on the merits."**

Defendant has failed to establish a "likelihood of success on the merits." *Centene*, 2025 U.S. Dist. LEXIS 1853, at *3–4 (E.D. Mo. 2025). After all, courts have consistently rejected the argument—regarding *Loper Bright* and cellular phones—that Defendant asserts. *See, e.g., Harriel v. Bealls, Inc*., No. 8:25-cv-1165, 2025 U.S. Dist. LEXIS 158157, at *3–5 (M.D. Fla. Aug. 15, 2025) (applying *Loper Bright* and concluding that "the application of § 227(c) to cellphone subscribers comports with overarching intent and structure of TCPA" and emphasizing that the court "it is not alone in coming to this conclusion . . . every court examining this particular issue concerning 'residential' phones has held that the TCPA's provisions apply to cell phones"); *Isaacs v. USHEALTH Advisors, LLC*, No. 3:24-cv-00216, 2025 U.S. Dist. LEXIS 152625, at *4–9 (N.D. Ga. Aug. 7, 2025) (applying *Loper Bright*, considering the "plain text" and "legislative history" of the TCPA, and concluding that cellular phones may be "residential"); *Lirones v. Leaf Home Water Sols., LLC*, No. 5:23-cv-02087, 2024 U.S. Dist. LEXIS 165900, at *12–19 (N.D. Ohio Sep. 16, 2024) (applying *Loper Bright* and holding that the TCPA still applies to cellphones and that such a reading is "consistent " with the statute) (collecting cases); *Lyman v. Quinstreet, Inc*., No. 23-cv-05056, 2024 U.S. Dist. LEXIS 123132, at *12 (N.D. Cal. July 12, 2024) (applying *Loper Bright* and concluding that the TCPA still applies to cellular telephones and that "the statutory text does not support [defendant's] position"); *Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 204 (S.D.N.Y. 2024) (applying *Loper Bright* and concluding that "users of cellphones are not categorically excluded from the definition of 'residential subscriber' under the TCPA"); *see also Ryburn v. Centene Corp*., No. 4:25CV00765 JM, 2025 U.S. Dist. LEXIS 231926, at *2 (E.D. Ark.

3

Nov. 19, 2025) (applying the TCPA to a cellphone); *Carter v. Health Ins. King Agency, LLC*, No. 3:25-cv-00005, 2025 U.S. Dist. LEXIS 256118, at *2 (S.D. Iowa July 21, 2025) (same); *Koeller*, 2024 U.S. Dist. LEXIS 205164, at *8 (E.D. Mo. 2024) (same); *Wilson v. Better Mortg. Corp.*, No. 25 Civ. 5503, 2025 U.S. Dist. LEXIS 251694, at *2 (S.D.N.Y. Dec. 5, 2025) (same); *Dilanyan v. Hugo Boss Fashions, Inc.*, No. 2:25-cv-05093, 2025 U.S. Dist. LEXIS 254358, at *1 (C.D. Cal. Dec. 3, 2025) (same); *Glasel v. Office Depot, LLC*, No. 9:24-cv-80910, 2025 U.S. Dist. LEXIS 231053, at *1 (S.D. Fla. Nov. 25, 2025) (same); *McGonigle v. Office Depot, LLC.*, No. 25-80069-CIV, 2025 U.S. Dist. LEXIS 231061, at *1 (S.D. Fla. Nov. 25, 2025) (same); *Piet v. Office Depot, LLC*, No. 24-81488-CIV, 2025 U.S. Dist. LEXIS 230981, at *1 (S.D. Fla. Nov. 24, 2025) (same); *Moore v. Farmers Grp., Inc.*, No. 23-cv-16587, 2025 U.S. Dist. LEXIS 205986, at *3 (N.D. Ill. Oct. 20, 2025) (same); *Abboud v. Circle K Stores Inc.*, No. CV-23-01683, 2025 U.S. Dist. LEXIS 194329, at *2 (D. Ariz. Sep. 30, 2025); *Massarello v. Power Home Remodeling Grp., LLC*, No. 24-cv-12480, 2025 U.S. Dist. LEXIS 166811, at *2 (E.D. Mich. Aug. 27, 2025) (same).

In response, Defendant relies on inapposite case law. *See* Dkt. 26, at 4. Specifically, Defendant relies on *Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1035 (N.D. Iowa 2004) and *Dataphase Sys. Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) to argue that Defendant "does not need to prove that there is a greater than fifty-percent chance[.]" *Id*. However, *Knutson* considered a "motion to stay execution of the order of reinstatement pending appeal" under Rule 62(c). 302 F. Supp. 2d at 1034, 1039. And *Dataphase* considered a request for "preliminary injunctive relief." 640 F.2d at 112. Such citations are unpersuasive when the "black letter law [is] that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." *Cole*, 2019 U.S. Dist. LEXIS 244254, at *3 (W.D. Mo. 2019).

4

In sum, Defendant has failed to satisfy its burden of establishing a "likelihood of success on the merits." *Centene*, 2025 U.S. Dist. LEXIS 1853, at *3–4 (E.D. Mo. 2025). Thus, this factor supports denial of the motion.

### B.     Defendant has failed to establish "hardship or inequity."

Defendant has failed to establish "hardship or inequity." *Centene*, 2025 U.S. Dist. LEXIS 1853, at *3–4 (E.D. Mo. 2025). For example, in *Centene*, the defendant argued that discovery "may require the parties to search for and produce documents, including electronic communications, going back over a decade[.]" *Id*. However, the court rejected those arguments as "unpersuasive at this stage of this case." *Id*. at *5. In doing so, the court emphasized that "the parties have not even served discovery requests, so any claim that discovery will be 'burdensome' and 'expensive' is speculative[.]" *Id*.  Similarly, in *Wild v. Rockwell Labs*, the defendant argued that discovery "would be a waste of time and money[.]" No. 4:19-CV-00919, 2020 U.S. Dist. LEXIS 67267, at *4 (W.D. Mo. Apr. 16, 2020)). However, the court rejected those arguments because plaintiff had "yet to propound discovery" and thus defendant had "not shown that the breadth of unserved discovery supports a stay." *Id*.

Like *Centene* and *Wild*, neither Plaintiff nor Defendant has exchanged initial disclosures or served discovery—and commencing initial discovery would not constitute "undue hardship." *See* Dkt. 26, at 4 ("It is also beyond dispute that Ox will suffer undue hardship[.]"). Thus, this factor supports denial of the motion.

### C.     The requested stay may prejudice Plaintiff.

The requested stay may "prejudice [Plaintiff]." *Centene*, 2025 U.S. Dist. LEXIS 1853, at *3–4 (E.D. Mo. 2025). For example, unnecessary delays "heighten[] [the] risk of lost evidence or diminished witness recall." *Id.* at *5. However, Plaintiff acknowledges that this factor only slightly

5

supports denial. *See Henry v. Iron Cty.*, No. 1:24-cv-00218-MTS, 2025 U.S. Dist. LEXIS 231520, at *6 (E.D. Mo. Nov. 25, 2025) (noting that "the Court is not convinced that this prejudice-to-plaintiff factor weighs so heavily"). In comparison, the other three factors weigh "heavily" towards denial of the motion. *See id.*

### D.   The requested stay would unnecessarily protract the litigation process.

The requested stay would unnecessarily protract the litigation process—and Defendant has failed to establish that a stay would promote the "conservation of judicial resources." *Centene*, 2025 U.S. Dist. LEXIS 1853, at *3–4 (E.D. Mo. 2025). After all, permitting the case to progress would not "bog[] down" the Court. *Henry*, 2025 U.S. Dist. LEXIS 231520, at *8 (E.D. Mo. 2025). Rather, granting the stay would "delay a final disposition of this case[.]" *Id.* (quoting *Aldridge v. City of St. Louis*, No. 4:18-CV-1677, 2020 U.S. Dist. LEXIS 6706, at *14 (E.D. Mo. Jan. 15, 2020)); *see also Wild*, 2020 U.S. Dist. LEXIS 67267, at *4–5 (W.D. Mo. 2020) (denying motion to stay and explaining that "at this early stage in litigation, judicial economy will not be materially affected by the presence or absence of a stay"). Thus, this factor supports denial of the motion.

On balance, the four factors demonstrate that the requested stay is improper. *See, e.g., Centene*, 2025 U.S. Dist. LEXIS 1853, at *6–7 (E.D. Mo. 2025) (denying motion to stay pending the resolution of a motion to dismiss); *Wild*, 2020 U.S. Dist. LEXIS 67267, at *4–5 (W.D. Mo. 2020) (same).

### V.   CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny the motion.

*[Counsel signature block to follow on next page.]*

6

DATE: December 18, 2025

        Respectfully submitted,

        By: /s/ *Cassandra P. Miller*
        Cassandra P. Miller *(pro hac vice)*
        **STRAUSS BORRELLI PLLC**
        980 N. Michigan Avenue, Suite 1610
        Chicago, Illinois 60611
        T: (872) 263-1100
        F: (872) 263-1109
        cmiller@straussborrelli.com

        Anthony Paronich
        **PARONICH LAW PC**
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        T: (617) 485-0018
        F: (508) 318-8100
        anthony@paronichlaw.com

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2025, I electronically filed the foregoing with the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                         Respectfully submitted,

                                         By: /s/ *Cassandra P. Miller*
                                         Cassandra P. Miller *(pro hac vice)*
                                         **STRAUSS BORRELLI PLLC**
                                         980 N. Michigan Avenue, Suite 1610
                                         Chicago, Illinois 60611
                                         T: (872) 263-1100
                                         F: (872) 263-1109
                                         cmiller@straussborrelli.com

                                         *Attorneys for Plaintiff*