## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| EDWARD J. KOELLER, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:25-cv-00641<br>)<br>) |
| OX APPSEC SECURITY INC., | )<br>) |
| Defendant. | )<br>)<br>) |

**DEFENDANT OX APPSEC SECURITY, INC.'S MOTION TO STRIKE CLASS ALLEGATIONS AND/OR DENY CLASS CERTIFICATION (OR FOR ALTERNATIVE RELIEF BIFURCATING AND LIMITING DISCOVERY)**

COMES NOW Defendant, Ox AppSec Security, Inc. ("Ox"), pursuant to Federal Rules of Civil Procedure ("Rules") 1, 23(a) and (b), and 42(b), and moves to strike the class allegations in the Complaint and/or deny class certification (or for alternative relief bifurcating and limiting discovery). In support of its motion, Ox states as follows:

1. In his Complaint, Plaintiff alleges Ox violated Section 227(c) of the TCPA by "making telemarking calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as calling people who had previously asked to no longer receive calls." (ECF 1 ¶ 3).

2. Plaintiff alleges that he received the calls from Ox on his cellular telephone number, which he says was registered on the National Do Not Call Registry and Missouri's No-Call List. (Id. at ¶¶ 16-17).

3. Because Plaintiff's cellular telephone was a "mixed use" phone used extensively for business, Plaintiff was not a "residential subscriber" and the do not call provisions of the

TCPA do not apply to him. As a result, he lacks standing and is not a typical or adequate class representative. Accordingly, the Court should strike the class allegations in the Complaint and/or deny class certification pursuant to Rule 23(a).

4.   In addition, the individualized, fact-intensive issue of whether each class member's phone was a "residential" or a "business" phone will predominate over any common issue, and precludes class certification. The Court should, therefore, also strike the class allegations in the Complaint and/or deny class certification pursuant to Rule 23(a) and (b) for this separate reason.

5.   In the alternative, if the Court does not strike the class allegations in the Complaint or deny class certification at this juncture, the Court should bifurcate and limit discovery to only the issue of Plaintiff's use of his cellular telephone, pursuant to Rules 1 and 42, as doing so is both in the interests of judicial economy and that limited discovery will likely be dispositive of Plaintiff's individual claims.

6.   The grounds for this Motion are set form in the accompanying Memorandum in Support, which is filed simultaneously herewith and incorporated by reference herein.

WHEREFORE, Ox respectfully requests that the Court strike the class allegations in the Complaint and/or deny class certification (or, in the alternative, the Court bifurcate and limit discovery to only the issue of Plaintiff's use of his cellular telephone).

DATED: January 9, 2026

BRYAN CAVE LEIGHTON PAISNER LLP

By: /s/ Darci F. Madden
Darci F. Madden
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000
darci.madden@bclplaw.com

Martha Kohlstrand
90 S. Cascade Avenue, Suite 1300
Colorado Springs, CO 80903 (303) 417-8516
martha.kohlstrand@bclplaw.com

Attorneys for Defendant
*OX APPSEC SECURITY INC.*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and accurate copy of the foregoing was filed on this 9th day of January, 2026 via the court's electronic filing system which will serve notice to all counsel of record.

                                        /s/ Darci F. Madden

                                        _____