IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD J. KOELLER, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>OX APPSEC SECURITY INC.,<br><br>      Defendant. | Case No. 4:25-cv-00641 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO STAY DISCOVERY PENDING THE COURT'S DECISION ON DEFENDANT'S MOTION TO DISMISS**

                                                        Respectfully submitted,

                                                        BRYAN CAVE LEIGHTON PAISNER LLP
                                                        Attorneys for Defendant
                                                        *OX APPSEC SECURITY INC.*
                                                        One Metropolitan Square
                                                        211 North Broadway, Suite 3600
                                                        St. Louis, MO 63102
                                                        (314) 259-2000

– Of Counsel –
Darci F. Madden, Esq.
Martha Kohlstrand, Esq.

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ................................................................................................................................ 1

      I.     THERE IS A HIGH LIKELIHOOD THAT OX APPSEC'S MOTION WILL SUCCEED ON THE MERITS ........................................ 2

      II.    OX WILL CERTAINLY FACE UNDUE HARDSHIP IF WHOLESALE AND CLASS-WIDE DISCOVERY IS ALLOWED TO PROCEED .................................................................................................... 3

      III.   PLAINTIFF WILL SUFFER NO HARM IF DISCOVERY IS STAYED .............................................................................................................. 4

      IV.   A STAY WILL CONSERVE THE TIME AND RESOURCES OF THE PARTIES AND THE COURT ........................................................... 4

      V.    SHOULD THE COURT DENY DEFENDANT'S MOTION, IT SHOULD ORDER LIMITED DISCOVERY FROM THE PLAINTIFF REGARDING THE MIXED-USE STATUS OF HIS CELL PHONE ................................................................................................. 4

CONCLUSION ............................................................................................................................ 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akselrod v. MarketPro Homebuyers LLC*,
 2021 WL 100666 (D. Md. Jan. 12, 2021) ................................................................... 3

*Cameron v. CHW Group, Inc.*,
 Case No. 2:23-cv-00320-HCN-DBP, 2025 WL 2336513 (D. Utah Aug. 13,
 2025) ................................................................................................................... 1, 3, 5

*Centene Pharmacy Servs. Inc. v. Caremark PCS Health, LLC*,
 No. 4:24-cv-00804-SEP, 2025 WL 33473 (E.D. Mo. Jan. 6, 2025) ............................... 3

*Koeller v. CybelAngel USA Inc.*,
 No. 4:23-cv-00319-SEP (E.D. Mo. 2023) .................................................................... 5

*Koeller v. Cyflare*,
 4:25-cv-00410-MTS, 2025 WL 3280316 (E.D. Mo. Nov. 25, 2025) ............................. 5

*Estate of Lokken v. UnitedHealth Group, Inc.*,
 Case No. 23-cv-3514, 2025 WL 2607196 (D. Minn. Sept. 8, 2025) .......................... 1, 5

*Loper Bright Enters. v. Raimondo*,
 603 U.S. 369 (2024) ..................................................................................................... 2

*McLaughlin Chiropractic Assoc., Inc. v. McKesson Corp.*,
 606 U.S. 146 (2025) ..................................................................................................... 2

*Newell v. Aliera Healthcare, Inc.*,
 2020 WL 13568762 (N.D. Ga. Apr. 6, 2020) ............................................................ 3, 4

*Pavelka v. Paul Moss Ins. Agency LLC*,
 2023 WL 3728199 (N.D. Ohio May 30, 2023) ............................................................ 3

*Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.*,
 Civ. No. 12-2132, 2014 WL 413534 (D.N.J. Feb. 4, 2014) .......................................... 1

*Wild v. Rockwell Labs, Ltd.*,
 Case No. 4:19-CV-00919-W-RK, 2020 WL 1892307 (W.D. Mo. Apr. 16,
 2020) ......................................................................................................................... 3, 4

**Statutes**

TCPA § 227(c) ................................................................................................................... 2

Telephone Consumer Protection Act ................................................................... 1, 2, 3, 5

**Other Authorities**

Fed. R. Civ. P. 42(a)(3) ............................................................................................. 5

Fed. R. Civ. P. 42(b) ................................................................................................. 5

**PRELIMINARY STATEMENT**

Defendant, Ox AppSec Security ("Ox"), seeks to stay discovery pending the Court's decision on its Amended Motion to Dismiss (ECF 23-24) because a decision on that motion could result in the total resolution of the case, as well as "obviate the need for costly class discovery." *Estate of Lokken v. UnitedHealth Group, Inc.*, Case No. 23-cv-3514 (JRT/SGE), 2025 WL 2607196, at *2 (D. Minn. Sept. 8, 2025) (quoting *Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.*, Civ. No. 12-2132, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014)). Here, the issue of whether Plaintiff's mixed-use cellular telephone qualifies as a "residential" or a "business" phone is both narrow and dispositive of his individual claims. On the other hand, plowing ahead with class-wide discovery would be "expensive and asymmetric, with [Defendant] bearing most of the burdens." *Cameron v. CHW Group, Inc.*, Case No. 2:23-cv-00320-HCN-DBP, 2025 WL 2336513, at *2 and n.11 (D. Utah Aug. 13, 2025). In his response to Ox's Motion to Stay Discovery (ECF 31), Plaintiff ignores that this is a class action that will likely demand extensive, costly, and fact-intensive discovery as to the entire prospective class (as well as from Ox). For the reasons set forth below, and in Ox's Amended Motion to Dismiss (ECF 25-26), the Court should decline to do the same, and should stay discovery until it decides Ox's Amended Motion to Dismiss.[1]

**ARGUMENT**

In a purported class action under the Telephone Consumer Protection Act ("TCPA"), such as this one, staying wholesale and class-wide discovery while the Court decides Defendant's Amended Motion to Dismiss is not the extraordinary measure posited

---

[1] Ox is separately moving to strike class allegations and/or deny class certification or, in the alternative, bifurcate and limit discovery, in the first instance, to only discovery related to plaintiff's use of his cellular telephone. *See* ECF ___.

by Plaintiff. Rather, it is a prudent step that will save the parties and the Court significant time, expense, and resources, while potentially resolving the matter entirely.

### I. THERE IS A HIGH LIKELIHOOD THAT OX APPSEC'S MOTION WILL SUCCEED ON THE MERITS

As set forth fully in Defendant's Reply Memorandum of Law in Further Support of Ox Appsec's Motion to Dismiss, the plain language of the TCPA does not authorize cell phone users to recover for do not call claims. The FCC has no authority to create a claim that exceeds its statutory authority, as it purported to do when it expanded the definition of "residential telephone subscribers" to include cell phones. *See* ECF __ at ___. There is no binding authority interpreting the TCPA as authorizing do not call restrictions to be applied to cell phones, and the Supreme Court's decisions in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) and *McLaughlin Chiropractic Assoc., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025) establish that the Court may not simply defer to the FCC's interpretation of "residential subscriber".

Congress made clear in other TCPA provisions when it wanted to include cell phones, as well as landlines, in various statutory provisions. The fact that it explicitly chose to exclude cell phones from Section 227(c) of the TCPA speaks volumes. Furthermore, as discussed further in Ox's Reply in Further Support of Motion to Dismiss, when the TCPA was enacted in 1991, cellular telephones were not a routine part of the daily lives of American consumers as they are today. In light of that historical context, which the Court should also consider, there is no basis to conclude that Congress intended the provisions of the TCPA that refer to "residential" subscribers to also apply to users of cellular telephones. And, if the TCPA needs updating to keep pace with advancements in communications technology, it is the responsibility of Congress to do so through legislation, a function distinct from the role of the

courts and the FCC to interpret the law. The plain meaning of the TCPA in this context leads logically to the conclusion that cellular telephones were not included, or even considered, by Congress when it addressed "residential" subscribers in the TCPA.

### II. OX WILL CERTAINLY FACE UNDUE HARDSHIP IF WHOLESALE AND CLASS-WIDE DISCOVERY IS ALLOWED TO PROCEED

Plaintiff turns a blind eye to the realities of class action discovery in his response. ECF 31 at 5. He cites two cases – neither of which involves class actions. *Centene Pharmacy Servs. Inc. v. Caremark PCS Health, LLC*, No. 4:24-cv-00804-SEP, 2025 WL 33473, at *3 (E.D. Mo. Jan. 6, 2025) "involve[d] a limited set of claims and parties," where "the breadth of discovery [was] speculative at this point." *Wild v. Rockwell Labs, Ltd.*, Case No. 4:19-CV-00919-W-RK, 2020 WL 1892307, at *2 (W.D. Mo. Apr. 16, 2020) was a copyright infringement case involving two photographs and a single-count complaint, where the defendants conceded that "neither party will be irreparably harmed absent a stay." By contrast, in a class action under the TCPA such as this one, the expense of discovery "can be particularly resource intensive," "expensive and asymmetric, with [Defendant] bearing most of the burdens." *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021); *Cameron*, 2025 WL 2336513, at *2; *see also Pavelka v. Paul Moss Ins. Agency LLC*, 2023 WL 3728199, at *3 (N.D. Ohio May 30, 2023) (citing "costly class discovery"); *Newell v. Aliera Healthcare, Inc.*, 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (citing "the substantial costs and burdens associated with whole scale class action discovery").

The Court should reject Plaintiff's attempted reliance on inapposite authority, and should stay the class action discovery that will substantially and unduly burden Defendant if it proceeds while the motion to dismiss is pending.

### III. PLAINTIFF WILL SUFFER NO HARM IF DISCOVERY IS STAYED

Plaintiff's pronouncement that a stay "may" prejudice him, and that it would "heighten[ ] [the] risk of lost evidence or diminished witness recall" is entirely unsupported. ECF 31 at 5. What evidence would be lost during the short period of any stay? Whose recall would be diminished? Plaintiff does not (and presumably cannot) explain why a several-month pause before discovery would impact his ability to prove his case in any material way.

### IV. A STAY WILL CONSERVE THE TIME AND RESOURCES OF THE PARTIES AND THE COURT

Plaintiff merely asserts in a conclusory fashion that a stay of discovery would "protract the litigation process." ECF 31 at 6. To the contrary, staying discovery while the motion to dismiss is pending "has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery." *Newell*, 2020 WL 13568762, at *3. Plaintiff again cites *Wild*, a case that was not a class action and that involved a relatively simple set of facts and claims where "[d]efendants concede[d] that 'neither party will be irreparably harmed absent a stay." 2020 WL 1892307, at *2. This class action, where wholesale and class-wide discovery will be extensive, costly, fact-intensive, and asymmetrical – and where Ox specifically asserts that it will be irreparably harmed absent a stay – is not such a case.

### V. SHOULD THE COURT DENY DEFENDANT'S MOTION, IT SHOULD ORDER LIMITED DISCOVERY FROM THE PLAINTIFF REGARDING THE MIXED-USE STATUS OF HIS CELL PHONE

In its Motion to Strike Class Allegations and/or Deny Class Certification (ECF __), Ox has sought, in the alternative, an order from the Court limiting initial discovery to this Plaintiff regarding the case-dispositive question of whether Plaintiff is actually a "residential subscriber" (an issue that is the subject of a well-founded dispositive motion in another case

- 4 -

filed by Plaintiff in this District).  Bifurcating discovery and setting a deadline for a focused early dispositive motion here, pursuant to Federal Rule of Civil Procedure ("Rule") 42(b), is appropriate, "where resolving a 'narrow, potentially dispositive issue' could obviate the need for costly class discovery," as is the case here.  *Estate of Lokken*, 2025 WL 2607196, at *2.  Rule 42 allows courts to "issue any . . . orders to avoid unnecessary cost or delay."  *Id.* at *1; Fed. R. Civ. P. 42(a)(3).

The Court can, and should, bifurcate class discovery and discovery related to the Plaintiff's individual claims in cases such as this one, where resolution of a narrow, dispositive issue can obviate the need for costly class discovery.  *See, generally, Koeller v. Cyflare*, 4:25-cv-00410-MTS, 2025 WL 3280316 (E.D. Mo. Nov. 25, 2025) (TCPA case involving this Plaintiff where the Court recognized that the circumstances of the mixed use of his cell phone "might prove fatal to Plaintiff's claims because the Do Not Call List regulation under which Plaintiff sues 'unambiguously applies only to residential telephone subscribers.'" (*Koeller v. Cyflare,* ECF 31 at 3).  In TCPA class actions specifically, courts have recognized the efficiencies of bifurcated discovery.  *Cameron*, 2025 WL 2336513, at *2 and n.11 (collecting cases).  In *Cameron*, the court granted defendant's request for bifurcated discovery because defendant's focus was on "narrow issues that are unique to Plaintiff's individual TCPA claim," such as whether plaintiff was a "residential telephone subscriber."  *Id*. at *3.  Such "narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.  TCPA cases . . . present a unique opportunity that warrants bifurcated discovery due to those cost savings."  *Id.*

Facts involving Plaintiff's mixed use of his cell phone have been developed in other related litigation.  *See, e.g., Koeller v. CybelAngel USA Inc.,* No. 4:23-cv-00319-SEP (E.D. Mo.

2023).  Here, focused discovery on Plaintiff's use of his phone would take a relatively short amount of time when balanced against the extensive, costly, and fact-intensive effort required to conduct discovery as to the entire prospective class.  The Court should, therefore, recognize the efficiency and cost savings to the parties, and to the Court, of bifurcating discovery in this case.  Accordingly, should the Court deny Defendant's motion to stay all discovery while Ox's motion to dismiss is pending, it should order limited discovery concerning only this Plaintiff's use of his cell phone.  The benefits of resolving this issue of the "residential" versus "business" status of the phone will redound to all parties and to the Court.

## CONCLUSION

For the reasons set forth above, and for the reasons stated in the amended motion, the Court should grant Defendant's motion to stay discovery pending the resolution of its Motion to Dismiss.

DATED: January 9, 2026

BRYAN CAVE LEIGHTON PAISNER LLP

By: _____
  Darci F. Madden, Esq.
  Martha Kohlstrand, Esq
Attorneys for Defendant
*OX APPSEC SECURITY INC.*
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000
darci.madden@bclplaw.com
martha.kohlstrand@bclplaw.com