UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
AT ST. LOUIS

| | |
|---|---|
| **EDWARD J. KOELLER**, on behalf of himself and all others similarly situated,<br><br>                      Plaintiff,<br><br>    v.<br><br>**OX APPSEC SECURITY INC.**,<br><br>                      Defendant. | Case No. 4:25-cv-00641-MTS<br><br>Honorable District Judge Matthew T. Schelp |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT OX APPSEC SECURITY INC.'S MOTION TO STRIKE
CLASS ALLEGATIONS AND/OR DENY CLASS CERTIFICATION
<u>(OR FOR ALTERNATIVE RELIEF BIFURCATING AND LIMITING DISCOVERY)</u>**

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  BACKGROUND ............................................................................................................. 1

III. LEGAL STANDARD..................................................................................................... 1

IV. ARGUMENT .................................................................................................................. 2

    A.   Ox Improperly Relies on Extrinsic and Outdated Testimony............................................ 2

    B.   Striking Class Allegations at This Early Stage Would be Premature. ................................ 4

    C.   Preemptively Denying Class Certification is Premature Under Relevant Eighth Circuit Precedent. ........................................................................................................................... 6

    D.   Bifurcating Discovery Would Unnecessarily Protract the Litigation Process..................... 8

V.  CONCLUSION............................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**            Page(s)

*Ameritas Life Ins. Corp. v. Fed. Ins. Co.*,
    2017 U.S. Dist. LEXIS 13064 (D. Neb. Jan. 31, 2017).............................................................. 2

*BJC Health Sys. v. Columbia Cas. Co.*,
    478 F.3d 908 (8th Cir. 2007) ................................................................................................ 2, 4

*Bond v. Folsom Ins. Agency LLC*,
    2025 U.S. Dist. LEXIS 49937 (N.D. Tex. Mar. 19, 2025) ...................................................... 10

*Cameron v. CHW Grp., Inc.*,
    2025 U.S. Dist. LEXIS 157374 (D. Utah Aug. 13, 2025) ......................................................... 9

*Combs v. Cordish Cos.*,
    2015 U.S. Dist. LEXIS 12197 (W.D. Mo. Feb. 3, 2015) ......................................................... 4

*Hicks v. Sw. Energy Co.*,
    330 F.R.D. 183 (E.D. Ark. 2018) ............................................................................................ 4

*Donelson v. Ameriprise Fin. Servs.*,
    999 F.3d 1080 (8th Cir. 2021) ............................................................................................ 1, 4

*Eagle v. GVG Capital, LLC*,
    2023 U.S. Dist. LEXIS 15835 (W.D. Mo. Jan. 31, 2023) ........................................................ 6

*Friel v. Line 5, LLC*,
    2025 U.S. Dist. LEXIS 162154 (M.D. Pa. Aug. 21, 2025) ..................................................... 10

*Giesmann v. Am. Homepatient, Inc.*,
    2015 U.S. Dist. LEXIS 73634 (E.D. Mo. June 8, 2015) .......................................................... 6

*Hamilton v. Bluestar Brandz, Inc.*,
    2025 U.S. Dist. LEXIS 150776 (S.D. Fla. Aug. 6, 2025) ....................................................... 10

*In re Baycol Prods. Litig.*,
    593 F.3d 716 (8th Cir. 2010) .................................................................................................. 7

*In re Folgers Coffee*,
    2021 U.S. Dist. LEXIS 25379 (W.D. Mo. Dec. 28, 2021) ....................................................... 5

*James v. Smarter Contact, Inc.*,
    2026 U.S. Dist. LEXIS 17211 (M.D. Fla. Jan. 28, 2026) ...................................................... 10

*Johnson v. Atkins Nutritionals, Inc.,*
    2018 U.S. Dist. LEXIS 230380 (W.D. Mo. Apr. 4, 2018). .................................................. 7, 8

*Johnson-Gruver v. Americor Funding LLC*,
    2023 U.S. Dist. LEXIS 230837 (E.D. Ark. Dec. 29, 2023) .................................................. 6

*Jordan v. Best Buy Co., Inc.*,
    2025 U.S. Dist. LEXIS 30983 (D. Minn. Feb. 21, 2025) ................................................... 1

*Karpiel v. FRL Auto., LLC*,
    2025 U.S. Dist. LEXIS 129670 (S.D. Fla. July 8, 2025) ................................................. 10

*Katz v. CHW Grp., Inc.,*
    2023 U.S. Dist. LEXIS 176206 (W.D. Ark. Sep. 29, 2023) ............................................... 5

*Koeller v. Cyflare Sec., Inc.*
    2025 U.S. Dist. LEXIS 231540 (E.D. Mo. Nov. 25, 2025) ............................................... 2

*Koeller v. Seemplicity Sec. Inc.*,
    2024 U.S. Dist. LEXIS 205164 (E.D. Mo. Nov. 12, 2024) ............................................... 2

*Kraetsch v. United Serv. Auto. Ass'n*,
    2015 U.S. Dist. LEXIS 40153 (E.D. Mo. Mar. 30, 2015) ............................................ 6, 7

*Kushner v. Beverly Enters., Inc.*,
    317 F.3d 820 (8th Cir. 2003) ........................................................................................... 3

*Lemay v. Mays*,
    18 F.4th 283 (8th Cir. 2021) ............................................................................................ 3

*Lunsford v. United States*,
    570 F.2d 221 (8th Cir. 1977) ........................................................................................... 2

*Mattson v. United Mortg. Corp.*,
    2024 U.S. Dist. LEXIS 207981 (D. Or. Sep. 16, 2024) ................................................... 4

*Negrete v. Fla. Ins. Servs., Inc.*,
    2024 U.S. Dist. LEXIS 20095 (S.D. Iowa Feb. 6, 2024) ............................................ 9, 10

*Robertson v. Mortg. Rsch. Ctr., LLC*,
    2024 U.S. Dist. LEXIS 221676 (W.D. Mo. Dec. 9, 2024) .................................. 2, 4, 9, 10

*Rouse v. H.B. Fuller Co.*,
    2025 U.S. Dist. LEXIS 187190 (D. Minn. Aug. 15, 2025) ........................................ 6, 7, 8

*Saggio v. Medicredit, Inc.*,
    2023 U.S. Dist. LEXIS 76191 (E.D. Mo. May 2, 2023) ................................................... 5

*Smith v. Truman Rd. Dev., LLC*,
    2020 U.S. Dist. LEXIS 74330 (W.D. Mo. Apr. 28, 2020) ................................................. 3

*Stanbury Law Firm, P.A. v. IRS*,
    221 F.3d 1059 (8th Cir. 2000) ............................................................................ 2, 5

*Taylor v. Gainsco Auto Ins. Agency, Inc.*,
    2025 U.S. Dist. LEXIS 54849 (N.D. Tex. Mar. 24, 2025) ...................................... 10

*Vallesillo v. Money Tree Merch. Servs. Corp.*,
    2024 U.S. Dist. LEXIS 97600 (D. Neb. May 23, 2024) ............................................ 3

*Wilcox v. State Farm Fire & Cas. Co.*,
    2016 U.S. Dist. LEXIS 185449 (D. Minn. Sep. 6, 2016) ...................................... 6, 7


**Statutes**

47 U.S.C. § 227 ................................................................................................................ 1


**Rules**

Federal Rule of Civil Procedure 12(f) ............................................................................. 2

Federal Rule of Civil Procedure 23(a) ............................................................................ 8

Federal Rule of Civil Procedure 23(b) ............................................................................ 8


**Secondary Sources**

5C Charles Alan Wright & Arthur R. Miller,
    *Federal Practice and Procedure* § 1380 (3d ed.) .................................................... 4

## I.   INTRODUCTION

Plaintiff Edward J. Koeller ("Plaintiff") sued Defendant OX Appsec Security Inc. ("Defendant" or "OX") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Now, Ox submits an omnibus motion urging the Court to: (1) preemptively deny class certification at the pleading stage and before the Court set a deadline for class certification; (2) strike class allegations in contravention of Eighth Circuit precedent; and (3) prolong the litigation process by bifurcating discovery. For the reasons explained below, the Court should deny this omnibus motion in its entirety. Each form of relief Ox seeks requires factual determinations that cannot be made at the pleading stage and that the Eighth Circuit has repeatedly held must await discovery and a proper Rule 23 record.

## II.   BACKGROUND

Plaintiff registered his residential cellphone number on the National Do-Not-Call Registry in 2007, and also on the Missouri No-Call List in 2013. *See* Compl. ¶¶16–17. His telephone number "is a non-commercial telephone number not associated with any business" and "is a cellular telephone number used for personal residential purposes." *Id*. ¶¶14–15. Furthermore, Plaintiff has "never been a customer of OX Appsec Security and never consented to receive calls[.]" *Id*. ¶18. Nonetheless, Plaintiff received at least two (2) nonconsensual telephone solicitations from Defendant in March 2025. *Id*. ¶¶19–27.

## III.   LEGAL STANDARD

Rule 12(f) governs motions to strike class allegations. *Jordan v. Best Buy Co., Inc*., No. 24-1066, 2025 U.S. Dist. LEXIS 30983, at *14 (D. Minn. Feb. 21, 2025). Under Rule 12(f), a court may strike pleadings but doing so "is an extreme and disfavored measure[.]" *Donelson v. Ameriprise Fin. Servs*., 999 F.3d 1080, 1091 (8th Cir. 2021) (quoting *BJC Health Sys. v. Columbia*

1

*Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).  The Eighth Circuit has long held that "motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). Critically, a Rule 12(f) motion tests only whether class allegations are facially defective—not whether Plaintiff can ultimately satisfy Rule 23 after discovery.

For a motion to bifurcate discovery under Rule 42, the "burden is on the party seeking bifurcation to show that it will be prejudiced if claims are not bifurcated, and the party must allege undue burden, expense, or prejudice associated with the discovery." *Robertson v. Mortg. Rsch. Ctr., LLC*, No. 2:24-cv-04106, 2024 U.S. Dist. LEXIS 221676, at *7 (W.D. Mo. Dec. 9, 2024) (citing *Ameritas Life Ins. Corp. v. Fed. Ins. Co.*, No. 4:16CV3006, 2017 U.S. Dist. LEXIS 13064, at *4 (D. Neb. Jan. 31, 2017).

## IV.     ARGUMENT

### A.     Ox Improperly Relies on Extrinsic and Outdated Testimony.

Ox asks the Court to undermine its recent holdings in *Koeller v. Cyflare Sec., Inc.* No. 4:25-cv-00410-MTS, 2025 U.S. Dist. LEXIS 231540 (E.D. Mo. Nov. 25, 2025) and *Koeller v. Seemplicity Sec. Inc.*, No. 4:24-cv-00528-SRC, 2024 U.S. Dist. LEXIS 205164 (E.D. Mo. Nov. 12, 2024). In *Cyflare*, the defendant "direct[ed] the court to deposition testimony taken during a previous lawsuit, which, according to Defendant, demonstrates that (1) Plaintiff 'extensively sends and receives calls and texts to co-workers using the number at issue,' and (2) his employer 'provides Plaintiff with a stipend for his phone for work purposes.'" *Id*. at *3–4. Likewise, in *Seemplicity*, the defendant attached the same deposition testimony for the same purpose. 2024 U.S. Dist. LEXIS 205164, at *6.

2

In both *Cyflare* and *Seemplicity*, the Court declined to consider the extrinsic materials—after all, the Eighth Circuit is clear that extrinsic materials "may not . . . be viewed for the truth of the matters asserted . . . and use of documents outside the pleadings goes far beyond what we can consider at this stage of the litigation." *Lemay v. Mays*, 18 F.4th 283, 289 (8th Cir. 2021) (citing *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831–32 (8th Cir. 2003)). For these reasons, the Court should exclude the extrinsic materials submitted by Ox.

Notably, Ox's argument fails ***even if*** the Court considers the extrinsic materials—and Ox undercuts its own argument with its own exhibit. *See* Dkt. No. 34-2 ("Declaration of Edward J. Koeller"). In the attached declaration, Plaintiff explained that he was "on call" at his previous job which ended in early 2020. *Id*. ¶5. Moreover, Plaintiff explained that he stopped receiving a telephone stipend "on August 31, 2024." *Id*. ¶6. Here, Ox made the unlawful telephone solicitations in March 2025—i.e., over five (5) years after Plaintiff stopped being "on call" and approximately seven (7) months after Plaintiff stopped receiving the stipend. *See* Compl. ¶¶19–27. In other words, Ox hinges its argument on fatally outdated extrinsic testimony that—at most—raises a factual dispute that cannot be resolved at the pleading stage.

Regardless, courts in the Eighth Circuit recognize that telephones "used for both business and residential purposes" may be treated as residential for TCPA purposes. *Vallesillo v. Money Tree Merch. Servs. Corp.*, No. 8:23-CV-536, 2024 U.S. Dist. LEXIS 97600, at *22 (D. Neb. May 23, 2024) (collecting cases); *see also Smith v. Truman Rd. Dev., LLC*, No. 4:18-cv-00670, 2020 U.S. Dist. LEXIS 74330, at *39 (W.D. Mo. Apr. 28, 2020) (noting that TCPA protections may extend "to a particular telephone number that was used for both business and residential purposes"). Thus, Plaintiff's allegations are sufficient at this early stage.

3

For these reasons, the Court should decline to consider the extrinsic and outdated materials submitted by Ox.

### B. Striking Class Allegations At This Early Stage Would Be Premature.

The Eighth Circuit has reiterated that a motion to strike "is an extreme and disfavored measure[.]" *Donelson*, 999 F.3d at 1091 (8th Cir. 2021) (quoting *BJC*, 478 F.3d at 917 (8th Cir. 2007)). Indeed, a motion "to strike pleadings . . . is 'drastic' and 'often is sought by the movant simply as a dilatory or harassing tactic[.]'" *Id.* (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed.)).

Here, Ox hinges much of its argument on a case from Oregon: *Mattson v. United Mortg. Corp.*, No. 3:18-cv-00996, 2024 U.S. Dist. LEXIS 207981 (D. Or. Sep. 16, 2024).[1] However, *Mattson* is procedurally inapposite, and the court granted the motion after five (5) long years of litigation. *See* No. 3:18-cv-00996, Dkt. No. 1 (filing complaint on Jun 5, 2018). Moreover, in granting the motion, the court explained that plaintiff had recycled its argument "so many times that '[a]ny further argument by plaintiff regarding the need for class discovery may lead to the imposition of sanctions." *Id.* at *8. Simply put, *Mattson* is too inapposite to be persuasive, especially when courts in the Eighth Circuit have provided applicable guidance.

For one, in the analogous TCPA case *Robertson*, the defendant argued—like Ox does here—that the plaintiff "cannot satisfy Rule 23's requirements." 2024 U.S. Dist. LEXIS 221676, at *4 (W.D. Mo. Dec. 9, 2024). On that basis, the defendant moved "to strike the class

---

[1] While Ox analogizes to *Mattson*, Ox also references other procedurally inapposite cases. *Compare* Dkt. No. 33, at 6–12 *with Hicks v. Sw. Energy Co.*, 330 F.R.D. 183, 194 (E.D. Ark. 2018) (adjudicating a motion for class certification filed by the plaintiff after extensive briefing); *Combs v. Cordish Cos.*, No. 14-0227-CV-W-ODS, 2015 U.S. Dist. LEXIS 12197, at *1 (W.D. Mo. Feb. 3, 2015) (adjudicating a motion to strike the exhibits that the plaintiffs filed in support of their motion for class certification);

4

allegations[.]" *Id*. However, the Western District of Missouri denied the motion—explaining that "arguments regarding whether Plaintiff is in fact a member of the alleged class, or whether [plaintiff] can establish the Rule 23 requirements to have a class certified, is certainly not an issue the Court can rule on based on the allegations . . . [s]imply because Defendant believes Plaintiff's claims will fail does not mean the Court has a basis to strike the claims or allegations at this preliminary stage of the litigation." *Id*. at *4–5 (citing *Stanbury*, 221 F.3d at 1063 (8th Cir. 2000)). Thus, the Western District of Missouri concluded that "a motion to strike is premature." *Id*.

Similarly, in *Katz v. CHW Grp., Inc*., the defendant argued—like Ox does here—that "class allegations should be stricken" because "common questions of fact and law do not predominate." No. 5:22-cv-5198, 2023 U.S. Dist. LEXIS 176206, at *17 (W.D. Ark. Sep. 29, 2023). The court denied the motion and remarked "[t]he Court has ***no difficulty rejecting*** the second argument as premature at this stage; as already noted, motions to strike class allegations at the pleading stage 'are viewed with disfavor and are infrequently granted.'" *Id*. (emphasis added) (quoting *Stanbury*, 221 F.3d at 1063). In denying the motion, the *Katz* court emphasized that "[j]udges in the Eighth Circuit . . . typically deny as premature motions to strike class allegations filed significantly in advance of any possible motion for class certification." *Id*. (quoting *In re Folgers Coffee*, No. 21-2984, 2021 U.S. Dist. LEXIS 253793, at *12 (W.D. Mo. Dec. 28, 2021)).

Together, these decisions reflect a consistent rule in the Eighth Circuit: absent a facial and purely legal defect, courts do not adjudicate Rule 23 compliance through a motion to strike before discovery has commenced.

*Robertson* and *Katz* align with a wealth of Eighth Circuit precedent demonstrating that striking TCPA class allegations at the pleading stage is premature. *See, e.g., Saggio v. Medicredit, Inc*., No. 4:22-CV-01005, 2023 U.S. Dist. LEXIS 76191, at *12 (E.D. Mo. May 2, 2023) (denying

5

a motion to strike class allegations and explaining that the court "will consider . . . Plaintiff's suitability as class representative, in later proceedings on a more adequate record"); *Johnson-Gruver v. Americor Funding LLC*, No. 3:23-cv-125, 2023 U.S. Dist. LEXIS 230837, at *4-5 (E.D. Ark. Dec. 29, 2023) (denying a motion to strike class allegations as "premature"); *Eagle v. GVG Capital, LLC*, No. 22-cv-00638, 2023 U.S. Dist. LEXIS 15835, at *6 (W.D. Mo. Jan. 31, 2023) (same); *Giesmann v. Am. Homepatient, Inc.*, No. 4:14CV1538, 2015 U.S. Dist. LEXIS 73634, at *14, fn. 3 (E.D. Mo. June 8, 2015) (denying a motion to strike class allegations as "premature" and explaining that "these issues [are] better left for a fully briefed and supported motion for class certification.").

For these reasons, Plaintiff respectfully requests that the Court deny the motion to strike class allegations.

C. **Preemptively Denying Class Certification Is Premature Under Relevant Eighth Circuit Precedent.**

In the Eighth Circuit, a preemptive motion to deny class certification at the pleading stage is premature—and potentially *per se* improper. *Rouse v. H.B. Fuller Co.*, No. 22-CV-02173, 2025 U.S. Dist. LEXIS 187190, at *7 (D. Minn. Aug. 15, 2025) (denying the defendant's preemptive motion to deny class certification as "premature"). Nonetheless, Ox declares that "preemptive motions to deny class certification are permitted in the Eighth Circuit." *See* Dkt. No 33, at 5.

Notably, Ox's argument is undercut by its own authority—for one, neither *Wilcox* nor *Kraetsch* involved a preemptive motion to deny class certification. *Wilcox v. State Farm Fire & Cas. Co.*, No. 14-2798, 2016 U.S. Dist. LEXIS 185449, at *1–15 (D. Minn. Sep. 6, 2016) (adjudicating a motion to dismiss, a motion to strike, and a motion for a protective order); *Kraetsch v. United Serv. Auto. Ass'n*, No. 4:14-CV-264-CEJ, 2015 U.S. Dist. LEXIS 40153, at *15 (E.D. Mo. Mar. 30, 2015) (adjudicating a motion to strike and a motion for leave to file a sur-reply).

6

Ox also relies on the reversed and vacated *In re Baycol Prods. Litig.*, where the Eighth Circuit stated in a footnote that "[t]he district court and the parties in this appeal considered the motion as one to deny class certification." 593 F.3d 716, 720 fn. 2 (8th Cir. 2010). However, this singular footnote hardly establishes that "preemptive motions to deny class certification are permitted in the Eighth Circuit." *See* Dkt. No 33, at 5. Indeed, one district court explained that *In re Baycol* was merely "noting that the district court and the parties characterized the underlying motion as one to deny class certification but ***not addressing*** whether such a motion is proper." *Rouse*, 2025 U.S. Dist. LEXIS 187190, at *4, fn. 2 (emphasis added).

In sum, *Wilcox*, *Kraetsch*, and *In re Baycol*, do not affirmatively establish that "preemptive motions to deny class certification are permitted in the Eighth Circuit." *See* Dkt. No 33, at 5. In the years following *Wilcox*, *Kraetsch*, and *In re Baycol*, two courts in the Eighth Circuit have considered similar motions, and neither decision helps Ox.

In *Johnson v. Atkins Nutritionals, Inc.*, the court granted a preemptive motion to deny class certification—but only when the "deadline to seek class certification . . . came and went without any filing by [plaintiff] seeking class certification." No. 2:16-cv-04213, 2018 U.S. Dist. LEXIS 230380, at *2 (W.D. Mo. Apr. 4, 2018). There, the plaintiff was "clear that he has no intention of pursuing class certification[.]" *Id.* at *1. The court explained that "The Court will grant Defendant's motion. But the Court's ruling is limited. The Court denies class certification *solely* on the basis that Plaintiff did not seek class certification[.]" *Id.* at *3 (emphasis in original).

In contrast, in *Rouse*, the court denied a preemptive motion to deny class certification as "premature" even after three (3) years of litigation—which included three amended complaints, a motion to dismiss, and extensive formal discovery. 2025 U.S. Dist. LEXIS 187190, at *2–5. There, the defendant moved "for an order denying the certification of [the classes] on grounds that

7

[plaintiffs] will be unable to meet the requirements for class certification set forth in Federal Rule of Civil Procedure 23(a) and (b)." *Id*. at *2. At that point, "fact discovery" was complete but plaintiffs had "not yet completed their Rule 30(b)(6) depositions." *Id*. at *3. There, the court agreed with plaintiffs that the "motion to deny class certification . . . [is] improperly premature because discovery is ongoing." *Id*. at *4. Notably, plaintiffs also argued that the "motion to deny class certification . . . is *per se* improper[.]" *Id*. However, the court concluded that "the Court need not determine whether the motion is *per se* improper" because it was premature. *Id*. at *4 fn. 2.

Taken together, *Johnson* and *Rouse* demonstrate that Ox's motion is "premature" at best, and potentially *per se* improper. See Dkt. No 33, at 5–12. For one, *Johnson* is procedurally inapposite because a "deadline to seek class certification" was never set. *See* 2018 U.S. Dist. LEXIS 230380, at *1–3. Thus, the holding of *Johnson* cannot apply because the *Johnson* court denied "class certification *solely* on the basis that Plaintiff did not seek class certification." *Id*. Rather, this case aligns with *Rouse* because Plaintiff has not completed formal discovery. *See* 2025 U.S. Dist. LEXIS 187190, at *2–5. Notably, the holding of *Rouse* applies with even greater force here because discovery has not even commenced.

The Court need not decide whether a preemptive motion to deny class certification is categorically improper. It is sufficient to conclude—consistent with *Rouse*—that such relief is premature where discovery has not commenced and no Rule 23 record exists.

For these reasons, Plaintiff respectfully requests that the Court deny the preemptive motion to deny class certification.

### D. Bifurcating Discovery Would Unnecessarily Protract the Litigation Process.

Bifurcating discovery would unnecessarily protract the litigation process—and Ox has failed to satisfy its "burden . . . to show that it will be prejudiced if claims are not bifurcated, and

8

the party must allege undue burden, expense, or prejudice associated with the discovery." *Robertson*, 2024 U.S. Dist. LEXIS 221676, at *7 (W.D. Mo. Dec. 9, 2024) (collecting cases). Bifurcation would also prejudice Plaintiff by delaying access to class-wide evidence necessary to meet Rule 23, while allowing Ox to litigate dispositive issues on an incomplete record.

Here, Ox hinges much of its argument on a case from Utah: *Cameron v. CHW Grp., Inc.*, No. 2:23-cv-00320, 2025 U.S. Dist. LEXIS 157374, at *8 (D. Utah Aug. 13, 2025). However, *Cameron* is procedurally inapposite, and the court bifurcated discovery only after "more than two years" of litigation including a fully adjudicated motion to dismiss. *Id*. at *3, 8. Moreover, *Cameron* is of limited persuasive value because courts in the Eighth Circuit have already provided applicable guidance.

***First***, in the analogous TCPA case *Robertson*, the defendant argued—like Ox does here—that plaintiff "cannot satisfy Rule 23's requirements." 2024 U.S. Dist. LEXIS 221676, at *3–4 (W.D. Mo. Dec. 9, 2024). There, defendant argued that plaintiff could not certify a class because of the preexisting "business relationship" between plaintiff and defendant. *Id*. Thus, the defendant "move[d] to bifurcate discovery to address [plaintiff's] individual claims and potentially avoid the need for extensive and burdensome class discovery if [plaintiff's] claims fail." *Id*. at *6–7. There, the Western District of Missouri denied the motion to bifurcate discovery—explaining that the claims of plaintiff and class members "overlap" and that "class certification will be tied to the issues surrounding standing and the merits of the claims." *Id*. at *7.

***Second***, in the analogous TCPA case *Negrete v. Fla. Ins. Servs., Inc.*, the defendant moved to bifurcate discovery to "initially focus discovery on narrowly-tailored issues relevant to the merits of [the] individual TCPA claim and then resolve that claim through summary judgment briefing, before conducting broader discovery . . . for the sake of judicial and party economy." No.

9

4:23-cv-00251, 2024 U.S. Dist. LEXIS 20095, at *5 (S.D. Iowa Feb. 6, 2024). There, the defendant sought—like Ox does here—to limit initial discovery to, *inter alia*, "whether [plaintiff] qualifies as a 'residential telephone subscriber' within the meaning of the TCPA" and "whether [plaintiff] has standing to bring his claim or would be an appropriate class representative." *Id*. at *3.

The court in *Negrete* rejected those arguments and denied the motion to bifurcate, explaining that "bifurcation of discovery . . . is not warranted or appropriate" and that bifurcation would be "unjust and prejudicial to [plaintiff]." *Id*. at *6. The court further remarked that bifurcation "is likely to delay, not expedite, the efficient progression of the case" and that "the Court is not convinced judicial resources will be conserved[.]" *Id*.

Taken together, *Robertson* and *Negrete* demonstrate that bifurcation would be both unnecessary and inefficient in TCPA cases like this—a conclusion which is supported by a wealth of recent precedent. *See, e.g., James v. Smarter Contact, Inc.*, No. 8:25-cv-1657, 2026 U.S. Dist. LEXIS 17211, at *4 (M.D. Fla. Jan. 28, 2026) (denying a motion to bifurcate discovery in a TCPA case); *Friel v. Line 5, LLC*, No. 3:24cv1866, 2025 U.S. Dist. LEXIS 162154, at *21 (M.D. Pa. Aug. 21, 2025) (same); *Hamilton v. Bluestar Brandz, Inc*., No. 0:25-cv-60453, 2025 U.S. Dist. LEXIS 150776, at *9 (S.D. Fla. Aug. 6, 2025) (same); *Karpiel v. FRL Auto., LLC*, No. 25-CV-21112, 2025 U.S. Dist. LEXIS 129670, at *13 (S.D. Fla. July 8, 2025) (same); *Taylor v. Gainsco Auto Ins. Agency, Inc*., No. 3:24-cv-2889, 2025 U.S. Dist. LEXIS 54849, at *5 (N.D. Tex. Mar. 24, 2025) (same); *Bond v. Folsom Ins. Agency LLC*, No. 3:24-cv-2551, 2025 U.S. Dist. LEXIS 49937, at *1 (N.D. Tex. Mar. 19, 2025) (same).

Thus, Plaintiff respectfully requests that the Court deny the motion and allow the Parties to proceed with discovery.

## V.  CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny the motion in its entirety.

DATED this 2nd day of February, 2026.

                                        Respectfully submitted,

                                        By: /s/ *Cassandra P. Miller*
                                        Cassandra P. Miller *(pro hac vice)*
                                        **STRAUSS BORRELLI PLLC**
                                        980 N. Michigan Avenue, Suite 1610
                                        Chicago, Illinois 60611
                                        T: (872) 263-1100
                                        F: (872) 263-1109
                                        cmiller@straussborrelli.com

                                        Anthony Paronich
                                        **PARONICH LAW PC**
                                        350 Lincoln Street, Suite 2400
                                        Hingham, MA 02043
                                        T: (617) 485-0018
                                        F: (508) 318-8100
                                        anthony@paronichlaw.com

                                        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Cassandra P. Miller, hereby certify that on February 2, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 2nd day of February, 2026.

> Respectfully submitted,
>
> By: /s/ *Cassandra P. Miller*
> Cassandra P. Miller *(pro hac vice)*
> **STRAUSS BORRELLI PLLC**
> 980 N. Michigan Avenue, Suite 1610
> Chicago, Illinois 60611
> T: (872) 263-1100
> F: (872) 263-1109
> cmiller@straussborrelli.com