IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD J. KOELLER, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) OX APPSEC SECURITY INC., ) ) Defendant. ) | Case No. 4:25-cv-00641 |

**OX APPSEC SECURITY INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS AND/OR DENY CLASS CERTIFICATION**

As explained in Defendant's opening brief, the public record establishes that Plaintiff is not a "residential subscriber" under the TCPA, meaning he has no standing to pursue his claims and is inadequate to represent any class. Even if the Court is not convinced, however, that Ox has conclusively established that Plaintiff is not a "residential subscriber," the class allegations should still be stricken because it is clear from the pleadings that individualized fact-finding will be required to determine whether this element is satisfied with respect to each and every putative class member. This individualized fact-finding would necessarily predominate over common issues, making class certification improper under Rule 23. Plaintiff's opposition does not even attempt to explain how this element could be proven with common proof. Neither does he explain how burdensome discovery could change this reality. Under these circumstances, it is well-established that the Court has the power to strike the class allegations. *See Donelson v. Ameriprise Fin. Servs., Inc.,* 999 F.3d 1080, 1092 (8th Cir. 2021) (reversing denial of motion to strike class allegations where it was "apparent from the pleadings that the class cannot be certified") (internal citation omitted).

If the Court is unwilling to strike the class allegations at this time, it should at least bifurcate discovery and limit the first phase to the singular issue of whether the Plaintiff's use of the cellular telephone on which Plaintiff allegedly received the calls at issue here qualifies him as a "residential subscriber" for purposes of the TCPA's do-not call provisions, set an early deadline for summary judgment motions regarding this limited issue, and decline to set any other case deadlines, as Judge Divine recently agreed to order in another case brought by this same Plaintiff and same counsel, *Koeller v. Waterfall Security Solutions USA Inc.*, No. 4:25-cv-00865-JMD (E.D. Mo. 2025). *See* Declaration of Darci Madden ("Madden Decl."). There is no reason to subject Ox to burdensome and costly class-wide discovery when it is more than likely that Plaintiff will not even be able to prove that he himself is a "residential subscriber."

## ARGUMENT

"The determination about whether any particular wireless subscriber is a residential subscriber is fact-intensive." *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp.3d 648, 658 (W.D. Tenn. 2020) (internal quotations and citation omitted). Indeed, "the question whether [a] plaintiff's number is a residential or business phone number is not only fact-intensive but also hotly contested." *Mattson v. New Penn Fin., LLC*, No. 3:18-cv-00990-YY, 2023 WL 8452659, at *33 (D. Or. Oct. 12, 2023), *report and recommendation adopted*, No. 3:18-cv-00990-YY, 2024 WL 21568 (D. Or. Jan. 2, 2024) (granting defendant's motion to deny class certification) (internal quotation marks and citation omitted). Here, the public record shows that Plaintiff is not a "residential subscriber," but even if *he* is, there is no way to prove this central element of the claim with common proof as to each class member. Individualized issues will necessarily predominate in any class trial, making class certification improper.

I.     THIS MOTION IS NOT PREMATURE

Contrary to Plaintiff's assertion, the Eighth Circuit has directed that motions to strike class allegations should be granted under appropriate circumstances.  In the very same opinion that Plaintiff cites as observing that motions to strike material from pleadings can sometimes be abusive, the court went on to say, "despite this, it is sometimes appropriate to strike pleadings, such as when a portion of the complaint lacks a legal basis." *Donelson,* 999 F.3d at 1091-92.  The court in that case overturned a district court's denial of a motion to strike class allegations and explained:

> It is "sensible ... to permit class allegations to be stricken at the pleading stage" if it is "apparent from the pleadings that the class cannot be certified" because "unsupportable class allegations bring 'impertinent' material into the pleading" and "permitting such allegations to remain would prejudice the defendant by requiring the mounting of a defense against claims that ultimately cannot be sustained." This is consistent with Rule 23(c), which governs class-action certification, because Rule 23(c)(1)(A) directs district courts to decide whether to certify a class "[a]t an early practicable time," and nothing in Rule 23(c) indicates that the court must await a motion by the plaintiffs.

*Id.* at 1092 (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1383 (3d ed.) and *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011)).

District judges have "broad discretion to decide whether certification is appropriate," but must exercise that discretion within the standards set by Rule 23, which requires a "rigorous analysis to ensure that all requirements of Rule 23 have been met." *Smith v. ConocoPhillips Pipe Line Co.*, 801 F.3d 921, 925 (8th Cir. 2015) (internal quotation marks and citation omitted). Such analysis is appropriate at this time and commands the conclusion that a class could never be certified based on the pleadings.

**II.     IT IS CLEAR FROM THE PLEADINGS THAT INDIVIDUALIZED ISSUES WOULD PREDOMINATE OVER COMMON ONES IN ANY CLASS TRIAL**

Federal courts routinely grant motions to strike class allegations where, as here, the impediment to class certification is apparent from the pleadings. Here, it is obvious that individualized issues would predominate over common ones, and therefore, striking the class allegations is proper. *See, e.g., Donelson,* 999 F.3d at 1091-92; *Colton v. Lime Rock Resources GP V, L.P.,* 2024 WL 1637480, at *7 (D. N.D., Apr. 16, 2024) (granting motion to strike class allegations where it was clear on the pleadings that some class members lacked standing and that the claims would require an individual examination of each proposed class member); *Hystad Ceynar Min., LLC v. XTO Energy, Inc.*, 2025 WL 522550, at *5 (D.N.D. Feb. 18, 2025) (same); *Jordan v. Best Buy Co., Inc.,* 2025 WL 580894, at *6 (D. Minn., Feb. 21, 2025) (granting motion to strike class allegations brought on behalf of plaintiff who had signed an arbitration agreement barring class claims and explaining that such decisions are appropriate where "the class is clearly uncertifiable as to avoid unnecessary litigation"); *Cnty. of Dorchester, S.C. v. AT & T Corp.*, 407 F. Supp. 3d 561, 569 (D.S.C. 2019) (granting motion to strike class allegations because plaintiff did not have standing and because it was clear that there would not be common questions of fact); *Christian v. LeafFilter N., LLC,* 2025 WL 2337125, at *3 (N.D. Cal. Aug. 13, 2025) (granting motion to strike class allegations based on alleged oral misrepresentations because it was apparent from the pleadings that the individualized inquiries precluded any possibility of class certification).

Plaintiff's contention that *Mattson v. United Mortgage Corp.*, No. 3:18-cv-00996-YY, 2024 WL 4794711 (D. Or. Sept. 16, 2024) ("*Mattson II*") is "inapposite" is both entirely conclusory and ignores the clear relevance of the holding in that case and similar cases cited in Ox's initial papers.  In *Mattson II*, the court granted the defendant's motion to deny class certification because there was a question of fact as to whether plaintiff's subject number was a

residential or business number, and thus plaintiff could not satisfy the typicality and commonality requirements under Rule 23.  2024 WL 4794711, at *1 (citing *Mattson v. New Penn Fin., LLC*, No. 3:18-cv-00990-YY, 2023 WL 8452659, at *4 (D. Or. Oct. 12, 2023), *report and recommendation adopted*, No. 3:18-cv-00990-YY, 2024 WL 21568 (D. Or. Jan. 2, 2024) ("*Mattson I*")).  In both *Mattson I* and *II*, the court found that the plaintiff could not "meet the typicality or commonality requirements of Rule 23(a) 'because individual questions concerning whether he is a residential subscriber subject to the TCPA's protections will predominate the litigation." *Id*. at *2.  And, as the Court held in *Mattson I*, "the factual disputes about how the subject number was acquired, how it was used, by whom, and for what purpose, and how it was paid for are unique to plaintiff and carry the same risk" of becoming a major focus.  *Id*. at *3 (additional citations omitted).

Here, as in *Mattson I* and *II*, absent the relief requested by Ox, these individualized and fact-intensive inquiries will be a major focus of Plaintiff's putative class-action – and Plaintiff has not even claimed, and cannot claim, that they are subject to common proof.  There is no reason to subject Ox to onerous class-wide discovery that will not change this reality before holding that a class could not be certified here.

Plaintiff's further attempt to defeat Ox's motion by claiming that the posture of *Mattson I* and *Mattson II* distinguishes those cases from this one is a smokescreen, at best.  The court in *Mattson II* was simply pointing out that plaintiff's argument for class discovery before making a Rule 23 determination was so weak that he should stop repeating it.  2024 WL 4794711, at *3.  As the *Mattson II* court said, "[i]t is inevitable that plaintiff's efforts in this case will be focused solely on the factual dispute regarding the subject number because if it is determined that is was a business line, plaintiff cannot represent a TCPA class at all." *Id.*  Likewise, in *Mattson I*, the court

- 5 -

found that "analyzing whether plaintiff's mixed-use phone was a residential or business line is an individualized determination based on the totality of the circumstances that prevents plaintiff from establishing the typicality and commonality requirements under Rule 23." 2023 WL 8452659, at *3. Such is the case here of Plaintiff's personal claim, and it is also true of each class member's claim.

### III. PLAINTIFF IS NOT A "RESIDENTIAL SUBSCRIBER" AND WOULD BE AN INADEQUATE CLASS REPRESENTATIVE

Although Ox's motion can and should be granted simply because individualized issues will necessarily predominate, Ox has also shown that Plaintiff is not a "residential subscriber." This makes him inadequate to represent any class and provides an additional basis to grant Ox's motion.

Plaintiff's claim that Ox's motion seeks to undermine the Court's decisions in *Koeller v. Cyflare Sec., Inc.*, No. 4:25-CV-00410-MTS, 2025 WL 3280316 (E.D. Mo. Nov. 25, 2025) and *Koeller v. Seemplicity Sec. Inc.*, No. 4:24-cv-00528-SRC, 2024 WL 4751306 (E.D. Mo. Nov. 12, 2024) is misplaced. Both of those opinions addressed motions to dismiss under Rule 12(b)(6), which are guided by a different standard than Ox's motion to strike class allegations and/or deny class certification.[1]

The United States Supreme Court has made clear that, unlike a Rule 12(b)(6) analysis, "Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Instead, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* (emphasis in original). "Although the trial court should not determine the merits of plaintiffs' claim at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine

---

[1] Ox filed a separate Amended Motion to Dismiss (ECF Nos. 23-24), which remains pending.

whether the requirements of Rule 23 will be satisfied." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 n.15 (11th Cir. 2003).

As the Supreme Court recognized in *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982), when faced with a determination of whether class allegations should be stricken, a district court may "probe behind the pleadings before coming to rest on the certification question." *See also Comcast v. Behrend*, 569 U.S. 27, 33-34 (2013) ("Such an analysis will frequently entail 'overlap with the merits of plaintiff's underlying claim.'") (additional citation omitted). Because evaluating a motion concerning class certification "will require the Court to conduct a preliminary look into the merits," the Court may look to depositions taken of a party in a prior case where appropriate. *See Combs v. Cordish Cos.*, 2015 WL 438050, at *1-2 (W.D. Mo. Feb. 3, 2015) (denying defendant's motion to strike deposition testimony from separate state court case). On such motions, "the plaintiff bears the burden of advancing a *prima facie* showing that the class action requirements are satisfied or that discovery is likely to produce substantiation of the class allegations." *Bennett v. Nucor Corp.*, 2005 WL 1773948, at *2 n.2 (E.D. Ark. July 6, 2005) (internal citation omitted); *see also Payne v. Sieva Networks, Inc.*, 347 F.R.D. 224, 228 (N.D. Cal. 2024) (holding that plaintiff in TCPA case based on calls to mixed-use cellphone failed to "advance a viable theory employing generalized proof to establish residential status" and also failed to show "that discovery is likely to produce substantiation of class allegations" as to this question) (quoting *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 131 (N.D. Tex. 2020) and *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985)).

The public record of Plaintiff's "business" use of his cell phone stretches across his nearly dozen (and counting) putative class actions under the Telephone Consumer Protection Act ("TCPA"), lays bare that he is not a "residential subscriber" under the TCPA, and demonstrates

that he cannot meet his burden of establishing he is an adequate or typical class representative. Effectively ignoring that record, Plaintiff insists that his use of his cellular phone is no longer as "business" oriented as it once was, and that he should therefore be allowed to plow ahead with full-blown class-wide discovery.[2] Not only is that stance a gross distortion of the record, it is glaringly obvious that it is a calculated tactic to distract scrutiny away from his "business" use of his phone and to pressure each defendant that he sues to settle rather than face the substantial costs and burdens associated with class-wide discovery.

Further, although Plaintiff claims that it is premature for Ox to raise this issue prior to discovery, Plaintiff does not explain why he would need discovery from Ox before the Court addresses the issue of how *Plaintiff* uses his cellular phone. This information is squarely within Plaintiff's control. If Plaintiff had information relevant to Ox's assertion that he is not a "residential subscriber," there is no reason why he could not have provided it to the Court in opposition to this motion. It is telling that he has neither provided any such information in response to this motion nor advised the Court that he would like the opportunity to provide the same.

Plaintiff's recent testimony in the *CybelAngel* case established he regularly uses his cell phone for business purposes. *See* Ox's Memorandum of Law in Support of Motion to Strike Class Allegations and/or Deny Class Certification ("Memorandum"), ECF 32, pp. 4-5, 8-9. In the Eighth Circuit, as recognized by this Court in the *Cyflare* case, "under the factual circumstances of a particular case, a mixed-use telephone number can constitute a business line for purposes of the TCPA." *Cyflare*, 2025 WL 3280316, at *1 (citing *Chennett v. Porch.com, Inc.*, 50 F.4th 1217,

---

[2]   This, of course, raises a further individualized and fact-intensive issue regarding Plaintiff, namely whether a plaintiff that registers their cellular phone on the "Do Not Call" registry, then uses that phone extensively for "business" purposes over the course of many years (to an extent that their number winds up in multiple professional directories as a "business" number, can effectively claim that their cellular phone has reverted to "personal" use and reclaim the ability to maintain a TCPA claim against a business or entity that calls them for a purpose related to the plaintiff's previous "business" use of their cellular phone.

1225 (9th Cir. 2022) (setting forth factors to consider)). Under the authority above, this Court may consider plaintiff's prior testimony, and the other evidence Ox has submitted, in deciding that issue and this motion. Such evidence establishes that Plaintiff is not a "residential subscriber" and that he therefore could not represent any class. Discovery from Ox will not change that fact – or even have any relevance to this fatal impediment to certification.

### IV.   AT THE VERY LEAST, BIFURCATION IS WARRANTED

If the Court is unwilling to strike the class allegations, at the very least it should follow Judge Divine's lead in the *Waterfall* case brought by this same Plaintiff in this District and bifurcate discovery, limiting the first phase to the question of how Plaintiff uses his cellular phone. *See* Madden Decl. Contrary to Plaintiff's assertions, forcing the parties to engage in full-blown class-wide discovery – rather than bifurcated discovery – would protract the litigation in this case and would waste the resources of both the parties and this Court. If the Court declines to strike the class allegations, it should order limited discovery regarding Plaintiff's use of his cell phone and set an early deadline for summary judgment motions on the question of whether Plaintiff is a "residential subscriber." By doing so, the Court will save valuable time and resources.

As set forth in Ox's original memorandum, numerous courts across the country have bifurcated discovery where the issue of a plaintiff's "business" use of a cell phone would determine the outcome of the individual plaintiff's claims. Memorandum, ECF 32, pp. 13-15. "The drafters of the Federal Rules of Civil Procedure similarly recognized that certification of a class may be delayed in order to conduct discovery on and dispose of a purported class representative's individual claims." *Karpiel v. FRL Automotive, LLC*, No. 25-CV-21112, 2025 WL 1895449, at *2 (S.D. Fla. July 9, 2025) (citing Fed. R. Civ. P. 23 advisory committee's note (2003) ("The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs

without certification and without binding the class that might have been certified.") (additional citations omitted).

Here, as in *Cameron v. CHW Group, Inc.*, Case No. 2:23-cv-00320-HCN-DBP, 2025 WL 2336513, at *3 (D. Utah Aug. 13, 2025), "[t]here is enough separation between class discovery and individual discovery to warrant bifurcation," including "discovery concerning . . . whether Plaintiff is a 'residential telephone subscriber' […] these narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery. TCPA cases […] present a unique opportunity that warrants bifurcated discovery due to those cost savings." And, as the *Cameron* court noted, "Rule 23 requires certification be decided at an early practicable time," and "Rule 23 must be balanced with Rule 1's requirements and limited discovery that may ultimately preclude costly class discovery serves Rule 1's purposes." *Id.* (internal quotation marks omitted).

Plaintiff's claim that *Cameron* is "inapposite" ignores that the court's reasoning in that case applies with equal force here: "judicial economy is promoted by an efficient narrow focus on Plaintiff before proceeding to class discovery. If the case can be resolved on those narrow dispositive issues relevant to Plaintiff and his individual claims, the limited resources of the court will be preserved. And, if Plaintiff moves forward past such discovery, he will be better positioned to represent the needs of the class." *Id.*

*Robertson*, cited by Plaintiff as "analogous" (Resp. Br. at 14), is not. There, the issue in dispute was "whether the messages sent were telephone solicitations," and the court found an overlap between class merits and individual merits discovery. *Robertson v. Mortg. Rsch. Ctr., LLC*, No. 2:24-CV-04106-MDH, 2024 WL 5046604, at *3 (W.D. Mo. Dec. 9, 2024). Here, where the issue rests solely on whether *Plaintiff's* use of his cellular phone qualifies as "business" versus

- 10 -

"residential" use, the dispositive question is unique to Plaintiff, and determination of this issue will be dispositive.

*Negrete v. Florida Ins. Servs., Inc.*, Civil No. 4:23-cv-00251-RGE-SBJ, 2024 WL 470370 (S.D. Iowa Feb. 6, 2024), also relied upon by Plaintiff, is likewise inapplicable.  In *Negrete*, the parties had already held a Rule 26 conference, submitted a proposed scheduling order, and the plaintiff had already served class-wide discovery. *Id.* at *2.  The court only declined to bifurcate discovery "under the particular posture of [that] case." *Id.*  The circumstances here are much different.  At this early stage of the litigation, when no other discovery has been set, the discrete issue of Plaintiff's "mixed use" of his phone use can be resolved efficiently, and Plaintiff in this case would not suffer any of the prejudice identified by the court in *Negrete.*

Other cases cited by Plaintiff are similarly distinguishable.  For example, in *Friel v. Line 5, LLC*, No. 3:24cv1866, 2025 WL 2422617, at *8 (M.D. Pa. Aug. 21, 2025), the defendant had answered the complaint and raised "only defenses common across the putative TCPA classes."  The defendant had not shown how the plaintiff's claims were unique from those of the other putative class members. *Id*.  That is not the case here, and the Court should recognize that bifurcating discovery in the present case would, in fact, resolve a dispositive issue unique to this Plaintiff while conserving resources and promoting judicial economy.

Plaintiff goes on to cite a string of cases that he claims are like this case (Resp. Br. at 15), but they also are not.  In *Karpiel*, the parties disagreed over whether the plaintiff consented to the defendant's communications, and the court denied bifurcated discovery because there was "substantial factual overlap between individual and class discovery," 2025 WL 1895449, at *4 (an argument Plaintiff here does not even make).  The same analysis led to similar results in *Taylor v. GAINSCO Auto Ins. Agency, Inc.*, No. 3:24-cv-2889-L-BN, 2025 WL 906233, at *2 (N.D. Tex.

Mar. 24, 2025) (denying bifurcation "because there is considerable overlap between discovery relevant to the merits of [plaintiff's] individual claims and issues of class certification"), and *Bond v. Folsom Ins. Agency*, No. 3:24-cv-2551-L-BN, 2025 WL 863469, at *3 (N.D. Tex. Mar. 19, 2025) ("there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification").

Unlike these cases cited by Plaintiff, Ox has shown that the issue regarding whether Plaintiff's cellular phone use made him a "residential subscriber" or not, is discrete to him and dispositive as to his individual claims. The kind of overlap with class-wide issues found in the cases cited by Plaintiff does not exist here, and bifurcation will save considerable time and resources (and likely dispose of Plaintiff's individual claims altogether).

## CONCLUSION

For the reasons set forth above, and for the reasons stated in the original motion, the Court should grant Ox AppSec's motion to strike Plaintiff's class allegations and/or deny class certification or, in the alternative, order the limited discovery necessary to address whether Plaintiff is a "residential subscriber" and set an early deadline for Ox to file a motion for summary judgment on this potentially case-dispositive narrow issue.

DATED: February 17, 2026               BRYAN CAVE LEIGHTON PAISNER LLP


                                        By:      /s/ Darci F. Madden
                                              Darci F. Madden, Esq.
                                              Martha Kohlstrand, Esq
                                    Attorneys for Defendant
                                    *OX APPSEC SECURITY INC.*
                                    One Metropolitan Square
                                    211 North Broadway, Suite 3600
                                    St. Louis, MO 63102
                                    (314) 259-2000
                                    darci.madden@bclplaw.com
                                    martha.kohlstrand@bclplaw.com