## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| EDWARD J. KOELLER, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) ) v. ) ) OX APPSEC SECURITY INC., ) ) Defendant. ) | Case No. 4:25-cv-00641 |

**DECLARATION OF DARCI F. MADDEN IN SUPPORT OF OX APPSEC SECURITY INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO <u>STRIKE CLASS ALLEGATIONS AND/OR DENY CLASS CERTIFICATION</u>**

DARCI F. MADDEN, an attorney duly admitted to practice before this Court, affirms the following under the penalty of perjury:

1. I am a partner with Bryan Cave Leighton Paisner LLP, attorneys for defendant Ox AppSec Security, Inc. ("Ox"). As such, I am familiar with all the facts and proceedings herein.

2. I submit this declaration in support of Ox's Reply Memorandum of Law in Further Support of Motion to Strike Class Allegations and/or Deny Class Certification (or for alternative relief limiting discovery).

3. I also represent a defendant in another TCPA do-not-call case brought by Edward Koeller in this District, *Koeller v. Waterfall Security Solutions USA Inc.*, No. 4:25-cv-00865-JMD (E.D. Mo. 2025).

4. In that case, the defendant requested that Judge Divine bifurcate discovery and limit the first phase to the issue of whether the Plaintiff's use of the cellular telephone on

which he alleged received the calls at issue qualifies him as a "residential subscriber" for purposes of the TCPA's do-not-call provisions, and that Judge Divine set an early deadline for summary judgment regarding this limited issue.

5.      On January 21, 2026, the parties appeared for a scheduling conference with Judge Divine. At that conference (at which a reporter was not present), Judge Divine indicated he was granting the requested bifurcation and would defer setting any additional deadlines until after resolution of any motions for summary judgment on the "residential subscriber" issue.  Thereafter, Judge Divine's clerk requested that the parties submit a proposed order documenting the judge's decision.

6.      Attached as **Exhibit A** is a true and accurate copy of the Proposed Case Management Order I submitted to the court on February 10, 2026. The emails I exchanged with the court on this subject, and which were copied to Plaintiff's counsel, are attached as **Exhibit B**.  As reflected in the emails, the parties to that case agreed that the proposed order accurately characterized Judge Divine's decision.  Judge Divine has not yet entered the written order.

Dated:  February 17, 2026                 */s/ Darci F. Madden*
      St. Louis, Missouri                 Darci F. Madden, Esq.