**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD J. KOELLER, *individually and on behalf of all others similarly situated*, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:25-cv-0641-MTS |
| OX APPSEC SECURITY, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Edward J. Koeller sues Defendant OX AppSec Security, Inc. ("OX") for calling his cell phone number in violation of the Federal Communications Commission's "Do Not Call" regulations. Doc. [1]. But the Telephone Consumer Protection Act of 1991's private right of action for such violations is only for subscribers of a residential telephone service, not a cellular telephone service. Therefore, Koeller fails "to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), and the Court will grant OX's Motion to Dismiss, Doc. [23].

## I. Background

This case is about two phone calls. Koeller alleges that OX called him to sell cybersecurity products, Doc. [1] ¶¶ 19–23, but he was not interested and informed the caller they were calling a "personal number" during the call, *id.* ¶ 24. OX then sent an e-mail to Koeller saying, "hopefully we did not get off on the wrong foot by me calling you on your personal cell. Hopefully this would be a better way of reaching you." *Id.* ¶ 25. OX followed up the email with another call. *Id.* ¶ 26.

At the time of the calls, Koeller's cell phone number—a "non-commercial" number "used for personal residential purposes"—was listed on the national Do Not Call Registry. *Id.* ¶¶ 14–16. Koeller had never been a customer of OX and never consented to receive calls from OX. *Id.* ¶ 18.

Koeller sued OX under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et seq.*, for "making telemarketing calls to [Koeller] and other putative class members listed on the National Do Not Call Registry without their written consent as well as calling people who had previously asked to no longer receive calls." *Id.* ¶ 3. To remedy the alleged violations, Koeller seeks both injunctive and monetary relief for himself and others similarly situated. *Id.* ¶¶ 41–42.

OX moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Koeller's Complaint fails to state a claim. Doc. [23]. Both parties have fully briefed OX's Motion to Dismiss. *See* Docs. [24], [30], [35].

## II. Analysis

For Koeller's Complaint to survive OX's Motion to Dismiss, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Complaint does not do so. Koeller alleges in his Complaint that OX violated the FCC's "Do Not Call" regulations by calling his cell phone number, but the TCPA's private right of action does not extend to cellular telephone subscribers. Therefore, Koeller's Complaint fails as a matter of law.

A.

In 1991, Congress passed the TCPA to "proscribe[] abusive telemarketing practices." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 398 (2021). Section 227(b) restricts the "use of automated telephone equipment," and § 227(c) protects "subscriber privacy rights" through so-called "do-not-call" provisions. *See* 47 U.S.C. § 227(b)(3), (c)(5).

The second of these provisions is at issue here. Section 227(c) authorized the FCC to "initiate a rulemaking proceeding concerning the need to protect ***residential telephone subscribers'*** privacy rights to avoid receiving telephone solicitations to which they object," 47 U.S.C. § 227(c)(1) (emphasis added), and to use that proceeding to "prescribe regulations to implement methods and procedures for protecting [residential telephone subscribers' privacy rights] in an effective, and economic manner[,]" *id.* § 227(c)(2). The TCPA provides that such regulations may "require the establishment" of "a list of telephone numbers of ***residential subscribers*** who object to receiving telephone solicitations," *id.* § 227(c)(3) (emphasis added)—*i.e.*, a "do-not-call" list.

Acting under that provision, the FCC promulgated a Report and Order in 2003 establishing a national database now known as the Do-Not-Call Registry. *See* In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act. of 1991, 18 FCC Rcd. 14014, 14017 (2003) (the "2003 Order"). The 2003 Order also redefined the term "residential telephone subscriber" as used in § 227(c), stating that the FCC would "presume wireless subscribers who ask to be put on the national do-not-call list to be residential subscribers." *Id.* at 14039.

The FCC adopted this interpretation because "wireless subscribers often use their wireless phones in the same manner in which they use their residential wireline phone,"

and "there [wa]s a growing number of consumers who no longer maintain wireline phone service, and rely only on their wireless telephone service." *Id.* at 14038–39. Therefore, the FCC thought "it is more consistent with the overall intent of the TCPA to allow wireless subscribers to benefit from the full range of TCPA protections." *Id.* at 14039. "[A]lthough Congress expressed concern with residential privacy," the FCC reasoned that Congress was also "concerned with the nuisance, expense and burden that telephone solicitations place on consumers." *Id.*

B.

After the 2003 Order, courts have generally deferred to the FCC's redefinition of "residential telephone subscriber" as including wireless subscribers for the purposes of a TCPA claim. But after *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024), *overruling Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843–44 (1984), this Court "must independently determine for itself whether the agency's interpretation of [the TCPA] is correct." *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 155 (2025) (citing *Loper Bright*, 603 U.S. at 402). After examining the various arguments on this issue, the Court concludes that § 227(c)(5) does not provide a private right of action for wireless subscribers.

Following *Loper Bright*, there has been "increasing judicial scrutiny about whether the 2003 Order is consistent with the [FCC's] statutory grant of authority in 47 U.S.C. § 227(c)." *Anthony v. Brian Mktg. Grp.*, 9:24-cv-80800-AMC, 2026 WL 2685650, at *4 (S.D. Fla. Sept. 11, 2026). But so far, no court of appeals has ruled on whether § 227(c)(5) of the TCPA applies to wireless subscribers. Many district courts have adopted the FCC's

interpretation and found that wireless subscribers who use their cell phones for "residential purposes" may assert claims under § 227(c)(5). *See, e.g.*, *Isaacs v. USHealth Advisors, LLC*, 3:24-cv-0216-LMM, 2025 WL 2268359 (N.D. Ga. Aug. 7, 2025); *Harriel v. Bealls, Inc.*, 8:25-cv-1165-TPB, 2025 WL 2379617 (M.D. Fla. Aug. 15, 2025); *Wilson v. Hard Eight Nutrition LLC*, 804 F. Supp. 3d 1141 (D. Or. 2025); *McGonigle v. Shopperschoice.com, L.L.C.*, 3:25-cv-0152-SDD, 2026 WL 413198 (M.D. La. Feb. 13, 2026); *Rabbitt v. Rohrman Midwest Motors, Inc.*, 1:25-cv-11312, 2026 WL 851279 (N.D. Ill. Mar. 27, 2026).

This Court sees the issue differently and finds that § 227(c)(5) does not extend to wireless subscribers. *See Anthony*, 2026 WL 2685650, at *2 (concluding the same).

C.

The TCPA provides a private right of action for violations of the regulations prescribed under § 227(c)—regulations that were authorized only to "protect residential telephone subscribers' privacy rights." 47 U.S.C. § 227(c)(1), (5). At the time Congress enacted the TCPA, "residential" meant "of, relating to, or connected with residence or residences," *Residential*, *Webster's Third New International Dictionary* (1981), and the most applicable definition for "residence" at the time was simply "[a] house where one's home is; a dwelling house," *Residence*, *Black's Law Dictionary* (6th ed. 1990). *See Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1233 (9th Cir. 2022) (Ikuta, J., dissenting).

So "a 'residential telephone' is by its terms a telephone connected with a residence." *Id.* Put differently, a residential telephone is simply a home phone.

That being so, § 227(c)(5) does not create a private right of action for wireless subscribers. The TCPA provides a private right of action to protect the privacy rights of people who subscribe to a telephone service connected with a residence, what it calls "residential telephone subscribers' privacy rights." 47 U.S.C. § 227(c)(1), (5). But "[a] cell phone, which is mobile and not connected to a house, fixed abode, or dwelling, is not 'residential' under the definitions provided by dictionaries current when the TCPA was enacted." *Chennette*, 50 F.4th at 1233 (Ikuta, J., dissenting). Therefore, subscribers of such mobile telephone services fall outside of § 227(c)(5)'s coverage.

This conclusion should not come as much of a surprise. Cell phones and home phones were understood at the time to be distinct. Cell phones existed in 1991, yet a "residential telephone" was understood to be a landline in a home. Indeed, a "leading Senate sponsor of the TCPA captured the zeitgeist in 1991, describing [that] robocalls . . . '[] hound us until we want to *rip the telephone right out of the wall*.'" *Anthony*, 2026 WL 2685650, at *7 (quoting *Barr v. Am Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610, 615 (2020)) (emphasis added).

Congress even made this very distinction in the first part of the TCPA. *Compare* 47 U.S.C. § 227(b)(1)(A)(iii) (banning calls using an automatic telephone dialing system to "any telephone number assigned to a . . . cellular telephone service"), *with id.* § 227(b)(1)(B) (banning the same calls to "any residential telephone line"). This distinction shows that Congress knew how to refer to cellular telephone subscribers when it wanted

to, and that it chose not to in describing the types of persons whose privacy would be protected under § 227(c). "'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *Russello v. United States*, 464 U.S. 16, 23 (1983) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972) (per curiam)). The Court concludes, then, that Congress chose not to include cellular telephone subscribers when providing for a private right of action in § 227(c)(5).

In short, § 227(c)'s plain language created a private right of action to protect the privacy rights of only "residential telephone subscribers," *i.e.*, subscribers to a telephone service connected to their residences. And at the time of enactment in 1991, that was generally understood to be a home phone landline.

The Court sees no legitimate basis for stretching that clear understanding to include subscribers of cellular telephone services, especially when there is textual evidence showing Congress knew how to do so if it wanted to. True, many Americans today "exclusively use cellphones . . . and do not own landline phones," *Jackson v. Direct Building Supplies LLC*, 4:23-cv-1569-MWB, 2024 WL 184449 at *7 (M.D. Pa. Jan. 17, 2024), so the plain language of the TCPA may not be as applicable to today's telephone consumer as it was in 1991. But updating the statute to address present needs is Congress's job, not the courts. *See Block v. Meese*, 793 F.2d 1303, 1310 (D.C. Cir. 1986) (Scalia, J.) (explaining that federal courts "do not sit to rewrite laws so that they may address more precisely the particular problems Congress had in mind"); *see also* Antonin Scalia, *A*

*Matter of Interpretation: Federal Courts and the Law* 23 (6th prtg. 1998) (noting that although one may "perceive the broader social purposes that a statute is designed . . . to serve" and "realize that new times require new laws," "judges have no authority to pursue these broader purposes or write those new laws"). This Court simply reads the statute as written and concludes that § 227(c)(5) does not extend to subscribers of a cellular telephone service.

## III. Conclusion

Because, as discussed above, § 227(c)(5) does not cover subscribers of a cellular telephone service, Koeller's Complaint fails to state a claim. The sole count in the Complaint is brought under that provision, Doc. [1] ¶¶ 41–42, but Koeller alleges only that OX called him on his cell phone, *id.* ¶ 15. Thus, Koeller's Complaint has not shown that he is a "residential telephone subscriber" within the meaning of § 227(c) of the TCPA and entitled to relief. *See Iqbal*, 556 U.S. at 678.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant OX AppSec Security, Inc.'s Motion to Dismiss, Doc. [23], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Amended Motion to Stay, Doc. [25], and Defendant's Motion to Strike, Doc. [32], are **DENIED** as moot.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of September 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE